STATE of Delaware,

v.

St. Clair Oscar PARSON, Jr. and
Andre Urquhart, Defendants.

Superior Court of Delaware,
New Castle County.

Submitted: Jan. 24, 1986.

Decided: April 3, 1986.

Mark W. Bunitsky, Deputy Atty. Gen.,
Dept. of Justice, Wilmington, for State.

Sidney Balick, Wilmington, Atty., for defendant Parson.

Joseph M. Bernstein, Wilmington, Atty.,
for defendant Urquhart.

MARTIN, Judge.

Before the Court is the issue of whether it is for the State or the Court to elect under which of two criminal statutes St. Clair Oscar Parson, Jr. and Andre Urquhart ("defendants") will be sentenced. Convictions were obtained by the State against the defendants pursuant to two criminal statutes, both of which proscribe the manufacture and delivery of identified controlled substances and differ, in terms of the conduct prohibited, only in that one refers to possession with intent to deliver and the other refers to trafficking or sale. 16 *Del.C.* §§ 4751(a) and 4753A(a)(2) and (3). As to each defendant, two sets of charges are involved, i.e., possession with intent to deliver heroin—trafficking in heroin and possession with intent do deliver cocaine—trafficking in cocaine. The State concedes that the two statutes impose multiple punishments for the same offense and thereby run afoul of the Double Jeopardy Clause of the Delaware and United States Constitutions. See, *Del. Const.* art. I, § 8; *U.S. Const.* amend. V. At the same time, the State argues it is for the State to decide which of these two criminal statutes the Court may proceed with at sentencing.[1]

1. Because of defendant Parson's previous conviction for a felony narcotics offense, he would face a 15 year minimum/mandatory jail term on each possession with intent charge, for a total of 30 years mandatory time. The trafficking charges for defendant Parson would each carry between 3 and 30 years, but each would have a mandatory minimum term of imprisonment of only 10 years, for a total of 20 years mandatory jail time. Defendant Urquhart's sentencing range for each charge of possession with intent to deliver a narcotic substance would be no more than 30 years with the first 5 years a mandatory minimum term of imprison-

Defendants were both found guilty in a jury trial on June 11, 1985, of Trafficking in Heroin, Possession with Intent to Deliver Heroin, Trafficking in Cocaine and Possession with Intent to Deliver Cocaine. Faced now with sentencing for these convictions, the defendants assert that they may not be sentenced for both the trafficking and possession convictions as both statutes proscribe the same conduct, and, therefore, sentencing under both statutes would violate the Double Jeopardy Clause of the Fifth Amendment which forbids multiple punishment for "the same offense." See, e.g., *North Carolina v. Pearce*, 395 U.S. 711, 717–718, 89 S.Ct. 2072, 2076–2077, 23 L.Ed.2d 656 (1969).

The State concedes that the defendants may not be sentenced under both the trafficking and possession statutes, but takes the position that it is for the State to elect under which of these two criminal statutes the Court may proceed at sentencing. In support, the State offers the decision of the Delaware Supreme Court in *Hunter v. State*, Del.Supr., 420 A.2d 119 (1980), in which the Court held that where two offenses are determined to be the same for double jeopardy purposes, although the convictions for both offenses may stand, the imposition of multiple sentences is precluded, and it is for the State to elect under which statute the Court may proceed for sentencing. *Hunter, Id.*, 420 A.2d at 127.

Defendants respond that *Hunter* is not applicable to the facts of this case and that, in any event, in order to decide the issue in this case, the Court must consider the recent United States Supreme Court decision in *Ball v. United States*, 470 U.S. ——, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). In *Ball*, the Supreme Court held that where the same conduct is proscribed by two statutes and convictions are obtained under both, if it is determined by the Court that the legislature did not intend to impose cumulative punishments, both convictions may not

stand. One of the convictions as well as its concurrent sentence is unauthorized punishment and it is for the Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions. *Ball, Id.*, 105 S.Ct. at 1673.

As argued by the defendants, the State's reliance on the Delaware Supreme Court's decision in *Hunter v. State*, Del.Supr., 420 A.2d 119 (1980), (hereinafter *Hunter I*) is misplaced. The *Hunter I* case has a history which does not conclude with the decision relied upon by the State. On the State's petition for certiorari, the United States Supreme Court, 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190, vacated the judgment in *Hunter I* and remanded the case for reconsideration in light of *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). *Delaware v. Hunter*, 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190 (1981). In *Hunter v. State*, Del.Supr., 430 A.2d 476 (1981) (hereinafter *Hunter II*) the Court limited its reconsideration of *Hunter I* to the double jeopardy issue to which *Albernaz* applies. This, the State suggests, leaves intact the Court's comments in *Hunter I* to the effect that it is for the State to elect under which of two statutes held to be in violation of the Double Jeopardy Clause the Court may proceed for sentencing. It is the opinion of this Court, however, that in light of the United States Supreme Court's decision in *Ball, Hunter I* is not persuasive authority for the State's position in this case.

In *Ball*, the Court stated that although the defendant could be prosecuted simultaneously for violation of two federal firearms statutes, one prohibiting the receipt and the other prohibiting the possession of a firearm by a convicted felon, where Congress did not intend to subject felons to two convictions for the same criminal act, the defendant may not be punished for two

---

ment, for a total of 10 years mandatory jail time. For the trafficking offenses, defendant Urquhart could receive between 3 and 30 years, with a mandatory minimum term of imprison-

ment of 10 years for trafficking in heroin and a mandatory minimum term of imprisonment of 5 years for trafficking in cocaine, for a total of 15 years mandatory jail time.

offenses. *Ball, Id.,* 105 S.Ct. at 1673. To determine whether the legislature intended the same conduct to be punishable under two criminal provisions, the Court relied upon the test of statutory construction stated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

The rule formulated in *Blockburger* directs the Court to inquire whether each provision of the two statutes requires proof of a fact which the other does not. *Blockburger, Id.,* 284 U.S. at 304, 52 S.Ct. at 182. The Court noted in *Ball* that the assumption underlying the *Blockburger* rule is that "Congress ordinarily does not intend to punish the same offense under two different statutes." *Ball, Id.,* 105 S.Ct. at 1672. Unless, therefore, it is clear that the legislature intended to create duplicative punishments for the same criminal act, one of the convictions as well as its concurrent sentence is unauthorized punishment for a separate offense. *Ball, Id.,* 105 S.Ct. at 1673.

The State in the case at bar has, in effect, conceded the issue of legislative intent by acknowledging that the two statutes at issue violate the Double Jeopardy Clause. From this it follows, under the authority of *Ball,* that the defendants may not be convicted and punished for the two offenses. Under *Ball,* when a double jeopardy violation is found, one of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense. *Ball, Id.,* 105 S.Ct. at 1673. "Punishment" within the meaning of the *Blockburger* test is "the equivalent of a criminal conviction and not simply the imposition of sentence." *Ball, Id.,* 105 S.Ct. at 1672. Even if sentenced under only one of the statutes, both convictions cannot stand. *Id.*

In *Ball,* the Court acknowledged that the consequences attendant a conviction found to violate the Double Jeopardy Clause do not "evaporate" merely by precluding sentencing on the conviction. *Ball, Id.,* 105 S.Ct. at 1673.

The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. (cites omitted). Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment. *Ball, Id.,* 105 S.Ct. at 1673–1674.

In *Hunter I,* decided prior to the United States Supreme Court's decision in *Ball,* the Delaware Supreme Court found, in regard to the two statutes under consideration, 11 *Del.C.* §§ 613(1) and 1447, that the legislature did intend to create duplicative punishments, yet nonetheless proceeded with an analysis of the statutes under the *Blockburger* test and concluded that for the purposes of the Double Jeopardy Clause both offenses were the same. *Hunter, Id.,* 420 A.2d at 127. The Court further stated that although both convictions could stand, the defendant could only be sentenced under one at the State's election. *Id.*

Then, in *Hunter II,* on the vacating of judgment and remand by the Supreme Court of the United States, the Delaware Supreme Court, in applying the recently stated rule of *Albernaz,* held that the imposition of two consecutive sentences for convictions under 11 *Del.C.* §§ 613(1) and 1447, because the General Assembly intended to impose multiple punishments for these two offenses, did not violate the Double Jeopardy Clause of the Fifth Amendment. *Hunter, Id.,* 430 A.2d at 481. The Court, accordingly, did not need to address the issue of sentencing.

Whatever lingering weight the balance of the Court's opinion in *Hunter I* might have, it is clear that *Ball* stands in direct opposition to the conclusion in *Hunter I* that "both convictions could stand." *Hunter, Id.,* 420 A.2d at 127. The United States Supreme Court in *Ball* stated unequivocally that when a double jeopardy violation is found, both the conviction and the sentence are unauthorized. *Ball, Id.,* 105 S.Ct. at 1673. Even if sentenced under only one of the statutes, both convictions cannot stand. Similarly, whatever persuasive authority *Hunter I* has in regard to the power of the State to elect under which statute the Court may proceed at sentencing when a Double Jeopardy violation is found, the Court's comment in *Ball* that "it is for the Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions," *Ball, Id.,* 105 S.ct. at 1673, militates against this Court now giving persuasive effect to the Delaware Supreme Court's statements regarding sentencing in *Hunter I.*

In light of the forgoing, it is the conclusion of this Court that, contrary to the position taken by the State, the State may not elect under which the two statutes at issue the defendants may be sentenced. Rather, given that the State concedes a double jeopardy violation, it is for this Court, under the authority of the United States Supreme Court's decision in *Ball v. United States,* 470 U.S. ——, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), to exercise its discretion to vacate one set of the underlying convictions for trafficking and possession with intent to deliver heroin and cocaine as to each defendant.