**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Ludlow SKYERS, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Jan. 18, 1989.
Order Issued: March 28, 1989.
Opinion Issued: May 8, 1989.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for the State.

Joseph A. Gabay, Goldfein & Joseph, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY and MOORE, JJ.

CHRISTIE, Chief Justice:

The State of Delaware brought this appeal challenging an order of the Superior Court which vacated one of two convictions obtained against defendant below/appellee, Ludlow Skyers. The State contends that both convictions were lawful due to the fact that, under the analysis articulated in the case of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), different elements are required to establish each crime. Skyers contends that sentencing him for both convictions would violate the Double Jeopardy Clause of the Constitution since both convictions arose out of a single incident, therefore, he may be sentenced lawfully for only a single conviction. We rule that the crimes at issue require sufficiently different proofs and so, under the analysis of the *Blockburger* case, constitute separate offenses which may be sentenced separately.

On February 13, 1986, the police, pursuant to a warrant, searched the residence of Linde Bakke. While there, they found Skyers. Skyers was in possession of a quarter pound of cocaine and various drug paraphernalia which evidenced a cocaine distribution operation. The police arrested Skyers.

During Skyers' jury trial, Bakke testified as a State's witness pursuant to a plea bargain he had made with the State. Bakke identified Skyers as having supplied him with cocaine. The jury found Skyers guilty of both trafficking in cocaine under 16 *Del.C.* § 4753A(a)(2) and possession with intent to deliver cocaine under 16 *Del.C.* § 4751(a).

In March, 1988, before sentencing, Skyers moved to have one of the convictions vacated. In his motion, Skyers contended that the two convictions were based on a single underlying offense, and thus there had been a violation of the double jeopardy clause. The Superior Court granted Skyers' motion. *State v. Skyers,* Del.Super., Cr.A. Nos. IN86–02–0775, IN86–03–0339, Martin, J., 1988 WL 55311 (May 31, 1988). The State filed a motion for reargument, which was denied. *State v. Skyers,* Del.Super., Cr.A. Nos. IN86–02–0775, IN86–03–0339, Martin, J., 1988 WL 77712 (July 21, 1988).

■ Although the State cannot identify which conviction is ripe for appeal because Skyers has not been sentenced, the Superi-

or Court's decision is a final ruling that one of the convictions will not be subject to a sentence. Under the circumstances, this appeal is deemed to be authorized under 10 *Del.C.* § 9902 and Supreme Court Rule 6.

■ The Superior Court relied on the case of *State v. Parson*, Del.Super., 509 A.2d 90 (1986), in reaching its decision that the convictions amounted to a violation of the double jeopardy clause. In the *Parson* case the Superior Court ruled that when faced with convictions which, if allowed to stand, would violate the double jeopardy clause, the court, and not the State, must select which conviction is to be vacated. *State v. Parson*, 509 A.2d at 93. In the *Parson* case, however, the State did not challenge the contention made by the defendant that multiple convictions arising out of a single act amount to a violation of double jeopardy. *Id.* at 91. Thus, the analysis of the *Parson* case is not controlling as to the issue here raised.

The case of *Jefferson v. State*, Del.Supr., 543 A.2d 339 (1988) (ORDER) (APPENDIX), decided before the original order in this case, considered the propriety of separate sentences for convictions under both 16 *Del.C.* § 4751(a) and 4753A. Specifically, the Court analyzed these offenses under the test articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger* the United States Supreme Court announced that under certain conditions a single act may be treated as two separate offenses for the purpose of double jeopardy. *Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 308. Hence, "a single act may be prosecuted as separate crimes and ... separately punished under different statutory provisions if each offense requires proof of an element that the other does not." *Jefferson v. State, supra*, 543 A.2d 341 (citing *Blockburger v. United States*, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309 (1932)). This Court there concluded that a defendant "may be prosecuted, convicted, and sentenced separately for each of the offenses [16 *Del.C.* §§ 4751(a) and 4753A]". *Jefferson v. State, supra*, 543 A.2d at 341.

Under 16 *Del.C.* § 4751(a) the elements of the offense of possession of a controlled substance with intent to deliver are: 1) possession of a controlled substance and 2) intent to manufacture or deliver it. "Deliver" is defined to mean the transfer or attempted transfer of a controlled substance from one person to another. 16 *Del.C.* § 4701(7). In contrast, under 16 *Del.C.* § 4753A(a)(2) the elements of the offense of "trafficking in cocaine" are: 1) possession of cocaine (or a cocaine mixture) and 2) the quantity (15 grams or more) of possessed. Although the State used the same cocaine to prove the possession element under both code sections, in order to convict Skyers under 16 *Del.C.* § 4751(a) the State also had to prove the defendant intended to manufacture or deliver the cocaine. To obtain a conviction under 16 *Del.C.* § 4753A(a)(2), besides proving that the defendant possessed cocaine (or a cocaine mixture) the State had to prove that the amount he possessed was at least 15 grams. Since each offense contains an element of proof not present in the other, under the rationale of *Blockburger* it follows that Skyers may be sentenced separately for each of the offenses.

Although the trial court recognized that these two statutes contain different elements and, therefore, are directed at different crimes, it reasoned that, as a practical matter, they often arise out of the same incident (as in the instant case). While this reasoning may be correct, it does not follow that the General Assembly intended to have conduct that satisfied both 16 *Del.C.* § 4751(a) and 16 *Del.C.* § 4753A punished under only one of the sections. As the State points out, each section is designed to achieve its ends in connection with differing factual requirements. 16 *Del.C.* § 4741(a) is aimed at those who are shown to have *intent* to deal in controlled substances, regardless of the quantity involved. 16 *Del.C.* § 4753A, on the other hand, is aimed at those who possess at least the stated quantity of illicit drugs, regardless of any proof of intent. The underlying presumption based on quantity possessed represents a legislative judgment that anyone found with that quantity

of that particular drug will be presumed to be involved in "trafficking" in narcotics on a large scale and not simply involved in an isolated or individual drug transaction. The General Assembly has provided penalties under both sections. Hence a person in possession of a large quantity of illicit drugs with the intent to distribute them may be penalized under both provisions. Since the defendant in this case was convicted under both code provisions he must be sentenced for both convictions.

NOW, THEREFORE, IT HAS BEEN ORDERED that the Superior Court's order denying the State's motion for reargument is REVERSED, and this case is REMANDED for sentencing as to both convictions.

## APPENDIX

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Victor L. Jefferson, Defendant Below, Appellant,

v.

State of Delaware, Plaintiff Below, Appellee.

No. 388, 1987

Submitted: May 10, 1988

Decided: May 17, 1988

Court Below—Superior Court of the State of Delaware, in and for New Castle County: Cr.A. No. IN85–04–1863

Before CHRISTIE, Chief Justice, HORSEY, and MOORE, Justices.

## ORDER

This 17th day of May, 1988, the Court, after considering the parties' briefs and the record, concludes that:

(1) The appellant/defendant, Victor L. Jefferson, was convicted of trafficking in cocaine, possession of cocaine with intent to deliver, plus two related drug charges. His convictions were subsequently affirmed by this Court. *Jefferson v. State*, Del.Supr., 531 A.2d 627 (1987) (Order).

(2) The appellant then filed a *pro se* motion for correction of an illegal sentence. The appellant contends that the trafficking and possession statutes proscribe the same conduct and, therefore, imposing sentences under both statutes violates the double jeopardy clause of the Fifth Amendment to the United States Constitution. The Superior Court denied appellant's motion.

(3) We agree with the ruling of the Superior Court. The well-reasoned decision in *State v. Geller*, IN–85–11–0834, IN–85–12–1771 through 1775 (Balick, J.) (Feb. 5, 1987) correctly states the law applicable in cases such as this.

(4) As the *Geller* opinion explains, the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), formulated the test to determine whether two offenses are the same for double jeopardy purposes. The Supreme Court held that a single act may be prosecuted as separate crimes and are separately punished under different statutory provisions if each offense requires proof of an element that the other does not. *Id.*

(5) The elements of possession with intent to deliver are: 1) possession, and 2) intent to deliver. 16 *Del.C.* § 4751(a). The elements of trafficking are: 1) possession, and 2) the quantity possessed. 16 *Del.C.* § 4753A(a)(2). It is obvious that each offense involves proof of a fact which the other does not. Therefore, it follows from the *Blockburger* test and the provisions of 11 *Del.C.* § 206 that the appellant may be prosecuted, convicted, and sentenced separately for each of the offenses.

Now, therefore, the Court orders that the Superior Court's order denying appellant's motion is affirmed.

BY THE COURT:

/s/ Andrew D. Christie
Chief Justice