**STATE of Delaware, Plaintiff–Below, Appellant,**

v.

**Dwayne COOK, Defendant–Below, Appellee.**

Supreme Court of Delaware.

Submitted: Aug. 15, 1991.
Decided: Nov. 22, 1991.

Timothy J. Donovan, Jr., Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellant.

Edward C. Gill, Wolhar and Gill, P.A., Georgetown, for appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice:

The defendant-appellee, Dwayne Cook ("Cook"), was convicted, following a jury trial in the Superior Court, of Vehicular Assault in the First Degree and Operation of a Vehicle While Under the Influence of Alcohol and/or Drugs ("DUI"). Thereafter, the Superior Court ordered the DUI conviction merged with the vehicular assault conviction for the purposes of sentencing. In this matter, the State of Delaware ("the State") appeals from that sentencing order. 10 *Del.C.* § 9902.[1]

The State contends that the Superior Court erred, as a matter of law, in ruling that principles of double jeopardy barred sentencing Cook on both convictions in a single prosecution. Cook contends that the Superior Court was correct in not sentencing him for the DUI conviction because the DUI charge was a lesser included offense of the vehicular assault charge. According to Cook, principles of double jeopardy prohibit sentencing a defendant for two offenses when one offense is a lesser included offense of the other.

We have reviewed each party's contentions. We conclude that principles of double jeopardy did not bar the Superior Court from sentencing Cook for both convictions. This matter is controlled by the clearly expressed intention of the Delaware General Assembly to permit simultaneous prosecutions for Vehicular Assault in the First Degree and any other section of the Delaware Code, including the DUI provision, 21 *Del.C.* § 4177 (1985). *See* 63 Del.Laws Ch. 88, Sec. 5. Accordingly, we find that the

Superior Court erred, as a matter of law, in merging both convictions for the purpose of sentencing. Therefore, the judgment of the Superior Court is reversed and the case is remanded for further proceedings consistent with this opinion.

*Facts*

On August 18, 1989, an automobile being operated by Cook collided with a utility pole on Route 2 in New Castle County, Delaware. Kathy Caldwell, who was a passenger in Cook's car, suffered serious head injuries. It was subsequently determined that Cook's blood alcohol content was .19 percent, nearly twice the legal limit, when the collision occurred. *See* 21 *Del.C.* § 4177(b).

As a result of this incident, Cook was charged in a two-count indictment. Cook was charged with one count of Vehicular Assault in the First Degree pursuant to 11 *Del.C.* § 629 (Supp.1987). That statute provides:

A person is guilty of vehicular assault in the first degree when while in the course of driving or operating a motor vehicle and under the influence of alcohol or drugs, as defined by § 4177 of Title 21, his criminally negligent driving or operation of said vehicle causes serious physical injury to another person.

*Id.* Cook also was charged with one count of DUI pursuant to 21 *Del.C.* § 4177 (1985). That statute provides, in relevant part:

(a) No person shall drive, operate or have in actual physical control a vehicle, an off-highway vehicle, a moped or a bicycle while under the influence of alcohol or of any drug or any combination of drugs and/or alcohol.

(b) Any person charged under subsection (a) of this section whose blood alcohol concentration is one tenth of 1% or more by weight as shown by a chemical analysis of a blood, breath or urine sample taken within 4 hours of the alleged

---

1. This Court has held that a Superior Court decision that one conviction will not be subject to a sentence is a final ruling which the State can appeal as a matter of right. *State v. Skyers,* Del.Supr., 560 A.2d 1052, 1053–54 (1989).

offense shall be guilty of violating subsection (a) of this section. This provision shall not preclude a conviction based on other admissible evidence.

*Id.*

Cook was tried before a jury in the Superior Court. He was found guilty, as charged, of both counts. Before sentencing, Cook moved to set aside one of the jury's verdicts on double jeopardy grounds. Cook argued that, because all the elements of DUI are included in Vehicular Assault in the First Degree, conviction and sentencing on both charges was prohibited.

The Superior Court denied Cook's motion to vacate one of the judgments of conviction. However, it granted Cook the ultimate relief which he requested stating:

> Unfortunately, the Court believes, based upon the evidence in this case, that the charges must merge. The driving under the influence is clearly an element of the vehicular assault first degree. Therefore, the Court believes that those two charges must merge. The verdicts will stand, but the sentence will merge....

The Superior Court then sentenced Cook only for his conviction of Vehicular Assault in the First Degree.[2]

### Double Jeopardy Clause

The Double Jeopardy Clause[3] guarantees three protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990) (quoting *North Carolina v. Pearce*, 395 U.S. 711,

717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). Cook has been subjected to only one trial. Therefore, the protections afforded by the Double Jeopardy Clause against "a second prosecution" are not at issue in this appeal. *Missouri v. Hunter*, 459 U.S. 359, 365, 103 S.Ct. 673, 677, 74 L.Ed.2d 535 (1983).

The Superior Court merged Cook's convictions for vehicular assault and driving under the influence, for sentencing purposes, based upon its interpretation of the protection that the Double Jeopardy Clause affords against "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). We have concluded that the Superior Court has misconstrued the nature of the Double Jeopardy Clause's protection against multiple punishments. However, in fairness to the Superior Court, as this Court has previously noted, the Double Jeopardy Clause has been described by Chief Justice Rehnquist[4] as "both one of the least understood and, in recent years, one of the most frequently litigated provisions of the Bill of Rights. This Court [United States Supreme Court] has done little to alleviate the confusion, and our opinions, including ones authored by me, are replete with *mea culpa's* occasioned by shifts in assumptions and emphasis." *Whalen v. United States*, 445 U.S. 684, 699, 100 S.Ct. 1432, 1442, 63 L.Ed.2d 715 (1980) (Rehnquist, J., dissenting) (quoted in *White v. State*, 576 A.2d at 1322 n. 1).

### Multiple Punishments

When the same act or transaction constitutes a violation of two distinct statutory provisions, a determination must be made as to whether there are two offenses

---

2. Cook was sentenced to one year imprisonment to be suspended after thirty days for eleven months probation at Level II.

3. The double jeopardy language of the Delaware Constitution is similar to the federal provision. *White v. State*, Del.Supr., 576 A.2d 1322, 1324 n. 3 (1990). *See* Del. Const. art. I, § 8. This Court has not yet been required to determine whether the federal and state double jeopardy provisions are identical in scope in all respects. *White v. State*, 576 A.2d at 1324 n. 3. We are not re-

quired to make that determination in this case either. Therefore, this opinion will refer to double jeopardy provisions in both the federal and state provisions as the Double Jeopardy Clause. *Id.*

4. The observations made by Chief Justice Rehnquist are reflected in the decisions of this Court. *See e.g., White v. State*, Del.Supr., 576 A.2d 1322 (1990); *LeCompte v. State*, Del.Supr., 516 A.2d 898 (1986) (both collecting cases).

or only one. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). *See also State v. Skyers*, 560 A.2d at 1054. Generally, multiple punishments are "not imposed for two offenses arising out of the same occurrence unless each offense requires proof of a fact which the other does not." *LeCompte v. State*, 516 A.2d at 900 (citing *Whalen v. United States*, 445 U.S. at 691–92, 100 S.Ct. at 1437–38). In *LeCompte*, this Court stated: "The assumption underlying the rule in *Whalen* is that [the legislature] ordinarily does not intend to punish the same offense under two different statutes. However, that rule of construction gives way in the face of clear legislative intent to the contrary." *Id.*

■ Consequently, the fact that "two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes." *Missouri v. Hunter*, 459 U.S. at 368, 103 S.Ct. at 679. Cumulative sentences are permitted for offenses which are the same under the *Blockburger* test if those cumulative sentences are specifically intended by the legislature. *LeCompte v. State*, 516 A.2d at 901. Consequently, a proper application of *Blockburger* does not require courts "to negate clearly expressed legislative intent." *Id.* (quoting *Missouri v. Hunter*, 459 U.S. at 368, 103 S.Ct. at 679).

This Court has carefully examined and analyzed the "multiple punishment" aspect of the Double Jeopardy Clause's protection, which Cook raises in the present case, in an analogous situation. *See LeCompte v. State*, Del.Supr., 516 A.2d 898 (1986). The question in *LeCompte* was whether the imposition of consecutive sentences for convictions of robbery first degree and possession of a deadly weapon during commission of a felony was prohibited by principles of double jeopardy in a single prosecution. This Court expressly recognized that "[w]here the intent of the legislature [to impose cumulative sentences] is clear, multiple punishments are not constitutionally barred." *LeCompte*, 516 A.2d at 901. In *LeCompte*, this Court held that consecutive sentences for robbery and possession of a deadly weapon were permissible, following both convictions in a single prosecution, because the legislature clearly provided for such multiple punishments. *See also, Hackett v. State*, Del.Supr., 569 A.2d 79 (1990); *State v. Skyers*, Del.Supr., 560 A.2d 1052 (1989).[5]

### This Case

In the present case, we also find that the intent of the legislature to impose multiple punishments is clear and unambiguous. Section 5 of 63 Del.Laws ch. 88 provides: "Nothing in Sections 628, 629 [Vehicular Assault First Degree], 630 or 630A of this Title shall be deemed to preclude prosecution under any other Titles of the Delaware Code nor shall these Sections be deemed to repeal any other Sections of the Delaware Code." This unambiguous statutory language authorized the State to prosecute, and punish Cook cumulatively, for Vehicular Assault in the First Degree, as well as for DUI.[6]

---

**5.** In *Hackett*, this Court held that the legislature intended consecutive sentences following separate statutory convictions of robbery and assault, arising from the same factual circumstances. *Hackett v. State*, 569 A.2d at 80–81. In *Skyers*, this Court held that the legislature clearly intended multiple sentences to be imposed following convictions for separate statutory drug related offenses that originated with the same act or transaction. *State v. Skyers*, 560 A.2d at 1054–55.

**6.** We find Cook's reliance upon 11 *Del.C.* § 206(a), as a contrary indication of legislative intent, unpersuasive. Generally accepted principles of statutory construction provide that, to the extent of any conflict, the expression of legislative intent in a more specific and later-enacted statute controls the former, more general statute. *See Blue Cross and Blue Shield of Delaware, Inc. v. Elliott*, Del.Supr., 449 A.2d 267, 270 (1982).

**356**

"Legislatures, not courts, prescribe the scope of punishments." *Missouri v. Hunter*, 459 U.S. at 368, 103 S.Ct. at 679. In a single prosecution, the "multiple punishment" protection of the Double Jeopardy Clause bars a sentencing court from prescribing greater punishment than the legislature intended. *Id.* "Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *LeCompte v. State*, 516 A.2d at 901–02 (quoting *Missouri v. Hunter*, 459 U.S. at 368–69, 103 S.Ct. at 679).

Only last year, the United States Supreme Court opined that the Double Jeopardy Clause would not bar cumulative punishments, in a single proceeding, following multiple statutory convictions originating from driving while under the influence of alcohol, if that was the intent of the legislature. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 2091, 109 L.Ed.2d 548 (1990). The Delaware General Assembly has expressed an unambiguous intention to provide for multiple sentences, following a single prosecution, for Vehicular Assault in the First Degree and any other violation of the Delaware Code. 63 Del.Laws, Ch. 88, Sec. 5. Given the clear intent of the legislature, the decision of the Superior Court to merge Cook's conviction for DUI with his conviction for Vehicular Assault in the First Degree was erroneous, as a matter of law. Therefore, this case must be remanded to the Superior Court so that it may properly sentence Cook on both charges for which he was convicted. *See White v. State*, Del.Supr., 576 A.2d 1322 (1990).

### Conclusion

The judgment of the Superior Court is REVERSED. This matter is REMANDED for further proceedings consistent with this opinion.