IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LESTER HICKMAN, | § | No. 90, 2015 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0104000979 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 15, 2015
Decided: July 1, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 1st day of July 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Lester Hickman ("Hickman"), filed this appeal from the Superior Court's denial of his joint motion for postconviction relief under Superior Court Criminal Rule 61 and motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Hickman's opening brief that the appeal is without merit. We agree and affirm.

(2)     Hickman was charged with various drug offenses in May 2001 after the police located a bag containing slightly more than 6 grams of crack cocaine buried in his backyard. The record reflects that the drugs seized from Hickman's backyard were analyzed twice, first on May 8, 2001, by Farnam Daneshgar ("Daneshgar"), a chemist employed by the Office of Chief Medical Examiner ("OCME"). Daneshgar's toxicology report described the substance analyzed as "white powder" and concluded that it was crack cocaine weighing 6.26 grams. When Daneshgar was unavailable to testify at Hickman's trial, the drugs were analyzed again on August 28, 2001, by another OCME chemist, Josefina Tengonciang ("Tengonciang"). Tengonciang's toxicology report described the substance analyzed as a "chunky off-white substance" and concluded that it was crack cocaine weighing 6.17 grams.

(3)     When cross-examining Tengonciang at trial, Hickman's defense counsel referred to Daneshgar's description of the drugs as "white powder" rather than the "chunky off-white substance" described in Tengonciang's report. In the redirect questioning of Tengonciang that followed, the State, over the objection of defense counsel, successfully sought the admission of Daneshgar's toxicology report so that the jury could see that both Daneshgar and Tengonciang had identified the drugs as crack cocaine.

2

(4) On August 30, 2001, the jury convicted Hickman of Trafficking in Cocaine, Possession with Intent to Deliver Cocaine (PWITD Cocaine), Maintaining a Dwelling, Possession of Drug Paraphernalia, and Possession of Cocaine. On November 2, 2001, the Superior Court declared Hickman a habitual offender and sentenced him to two life sentences for Trafficking in Cocaine and PWITD Cocaine and to an additional seven years at Level V for the other convictions. On direct appeal, this Court vacated Hickman's conviction for Possession of Cocaine and affirmed the remaining convictions.[1] On July 19, 2002, the Superior Court vacated the sentence imposed for Possession of Cocaine.

(5) Hickman filed motions for postconviction relief in 2003, 2006, 2007, and 2008. The Superior Court denied each of the motions, and on appeal, this Court affirmed the Superior Court's judgments.[2]

(6) Hickman filed his fifth motion for postconviction relief and motion for correction of sentence (hereinafter "Joint Motion") on December 10, 2014. Hickman claimed that he was entitled to relief from his sentencing as a habitual

---

[1] *Hickman v. State*, 2002 WL 1272154 (Del. June 7, 2002).

[2] *State v. Hickman*, 2004 WL 1172347 (Del. Super. Ct. Feb. 6, 2004) (denying first motion for postconviction relief), *aff'd*, 2004 WL 2291343 (Del. Oct. 4, 2004); *State v. Hickman*, 2007 WL 127774 (Del. Super. Ct. Jan. 16, 2007) (denying second motion for postconviction relief), *aff'd*, 2007 WL 1096884 (Del. Apr. 13, 2007); *Hickman v. State*, 2008 WL 2080682 (Del. Apr. 23, 2008) (affirming denial of third motion for postconviction relief); *State v. Hickman*, 2009 WL 1059207 (Del. Super. Ct. Apr. 14, 2009) (denying fourth motion for postconviction relief), *aff'd*, 2009 WL 3451915 (Del. Oct. 27, 2009). Also, in 2005, the U.S. District Court denied Hickman's federal *habeas corpus* petition. *Hickman v. Carroll*, 400 F. Supp. 2d 647 (D. Del. 2005).

3

offender because the predicate felonies were not submitted to a jury as required by the United States Supreme Court's decision in *Alleyne v. United States*.[3] And he alleged that the two life sentences imposed for Trafficking in Cocaine and PWITD Cocaine subjected him to double jeopardy.[4] Hickman also claimed that he was entitled to relief from his convictions based on the State's failure to disclose that Daneshgar had been indicted following a 2014 criminal investigation into evidence tampering at the OCME, in violation of the United States Supreme Court's decision in *Brady v. Maryland*.[5]

(7) By order dated February 2, 2015, the Superior Court denied Hickman's Joint Motion. The court denied the sentencing claims on the basis that Hickman's eligibility for habitual offender sentencing was formerly adjudicated and his double jeopardy claim was without merit. The court denied the postconviction claim after finding that the recent charges against Daneshgar provided no basis to contest the validity of Hickman's convictions when Hickman's trial predated the OCME investigation by more than a decade and the

---

[3] *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151, 2155 (2013) (holding that any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury).

[4] The Double Jeopardy Clauses of the United States and Delaware Constitutions protect a criminal defendant against multiple punishments or successive prosecutions for the same offense. U.S. CONST. amend. V; DEL. CONST. art. I, § 8.

[5] 373 U.S. 83 (1963).

4

jury had convicted Hickman based on Tengonciang's toxicology report and trial testimony.

(8) Having carefully considered the parties' positions on appeal and the Superior Court record, this Court affirms the Superior Court's denial of Hickman's Joint Motion for the following reasons. First, the U.S. Supreme Court's decision in *Alleyne v. United States* provides no basis to reexamine Hickman's eligibility for habitual offender sentencing because the Court in that case explicitly exempted previous convictions as elements of a crime that must be submitted to the jury.[6] Second, it is well-established law that a defendant may be separately convicted and sentenced for Trafficking in Cocaine and PWITD Cocaine.[7] Third, we agree with the Superior Court's finding that the criminal charges against Daneshgar arising from the 2014 investigation into evidence-tampering at the OCME did not constitute a *Brady* violation. The alleged misconduct by OCME employees was not revealed until 2014, and thus did not raise a concern that the State concealed material impeachment evidence, as required to find a *Brady* violation, at

---

[6] *See Alleyne*, 133 S. Ct. at 2160 n.1 (recognizing that the fact of a prior conviction does not have to be submitted to the jury); *Reed v. State*, 2015 WL 667525, at *2 (Del. Feb. 12, 2015) ("In *Alleyne*, the United States Supreme Court held that any fact increasing a mandatory minimum sentence for a crime is an element of a crime that must be submitted to the jury, but recognized, and declined to revisit, the exception for previous convictions.").

[7] *State v. Skyers*, 560 A.2d 1052, 1054-55 (Del. 1989).

Hickman's trial in 2001.[8] Nor was there a rational basis to find that Hickman was prejudiced by the alleged misconduct by Daneshgar, given that there was no evidence that Daneshgar "planted" drugs to obtain false convictions, or submitted false test results.[9] Daneshgar was accused, many years after Hickman's trial, of stealing drugs for use as drugs, *i.e.*, for personal consumption or sale.[10]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Randy J Halland
_____
Justice

---

[8] *See, e.g., Starling v. State*, 882 A.2d 747, 756 (Del. 2005) ("There are three components of a *Brady* violation: (1) evidence exists that is favorable to the accused, because it is either exculpatory or impeaching; (2) that evidence is suppressed by the State; and (3) its suppression prejudices the defendant.").

[9] *Cf. Brown v. State*, __ A.3d __, 2015 WL 3776933, at *10 (Del. June 17, 2015) (concluding that the Superior Court correctly held that there was "no rational probability that [defendant] was convicted on false premises"); *Bunting v. State*, 2015 WL 2147188, at *3 (Del. May 5, 2015) (concluding that defendant's "conclusory and unsubstantiated assertion" that the validity of the drug evidence in his 2004 trial had been called into question by the 2014 OCME investigation was insufficient to overcome the procedural bars of Rule 61).

[10] *See Carrero v. State*, 2015 WL 3367940, at *2 & n.3 (Del. May 21, 2015) ("Farnam Daneshgar[ ] was tried by a jury on charges of Possession of Marijuana and Possession of Drug Paraphernalia. The State dismissed those charges on May 1, 2015, after the jury failed to reach a unanimous verdict.").