# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STANLEY C. LOWICKI,                )
                                   )
   Defendant-Below/Appellant,      )
                                   )
          v.                 )     C.A. N18A-01-001 AML
                                   )
STATE OF DELAWARE,                 )
                                   )
   Plaintiff-Below/Appellee.       )

Submitted: May 31, 2019
Decided: August 5, 2019

## ORDER

**On Appellant's Appeal from the Court of Common Pleas: AFFIRMED**

1.      This is an appeal from a Court of Common Pleas decision dismissing for lack of jurisdiction an appeal from a Justice of the Peace Court ("JP Court") decision regarding a red light traffic camera citation.  Title 21, Section 4101 provides a right to appeal traffic camera violations if the civil penalty imposed exceeds $100.  The court below concluded the civil penalty against the Defendant-below/Appellant did not exceed that threshold, and the court therefore lacked jurisdiction to consider the appeal.  For the reasons that follow, I agree with the Court of Common Pleas that it lacked jurisdiction to consider the appeal, and I therefore affirm the decision below.

1

**Factual Background**

2.     On May 18, 2017, a car Stanley C. Lowicki owned was captured by a traffic camera disobeying a red light on Route 72 at Kenmore Drive.  Mr. Lowicki was issued a civil traffic violation under 21 *Del. C.* § 4101.  He contested the violation in accordance with the statute, and a hearing was held in JP Court in August 2017.  At the hearing, Mr. Lowicki contended he was not driving the vehicle at the time of the offense and therefore was not liable.  At the conclusion of the hearing, the JP Court found Mr. Lowicki responsible for the violation and ordered him to pay $172.50, consisting of the following amounts:

| | |
|---|---|
| Fine Amount: | $75.00 |
| Court Costs: | $25.00 |
| Court Security Fee: | $10.00 |
| Transportation Trust Fund: | $37.50 |
| State Police Fund: | $7.50 |
| Local Law Enforcement Fund: | $7.50 |
| Ambulance Fund: | $10.00 |

3.     Mr. Lowicki appealed the JP Court's decision to the Court of Common Pleas.[1]  After full briefing, the Court of Common Pleas dismissed the appeal, holding that under 21 *Del. C.* § 4101(d)(12), a person found responsible under that Section only may appeal if the "civil penalty" imposed exceeds $100.

---

[1] Mr. Lowicki posted a bond in connection with his appeal to the Court of Common Pleas.  On appeal to this Court, the State argued for the first time that Mr. Lowicki did not post a bond and therefore the Court of Common Pleas lacked subject matter jurisdiction under 21 *Del. C.* § 4101(d)(12).  The record transferred by the Court of Common Pleas includes both an Appeal Bond and a notation by the Justice of the Peace that a $100 unsecured appeal bond was entered on August 25, 2017.

The Court of Common Pleas held the civil penalty imposed by the JP Court did not exceed that threshold, reasoning that court costs and other amounts imposed by the JP Court did not fall within the plain meaning of "civil penalty" under the statute.[2]

4.     Mr. Lowicki then appealed that ruling to this Court.  On appeal, Mr. Lowicki raises three arguments: (1) the Court of Common Pleas erred in its interpretation of the meaning of "civil penalty" within 21 *Del. C.* § 4101(d)(12); (2) the JP Court erred in assessing amounts not permitted by the statute; and (3) the JP Court erred in not granting dismissal in Mr. Lowicki's favor after he "undisputedly" rebutted the statutory presumption that the owner of a vehicle found in violation is liable for the violation.

5.     In response, the State contends the lower court correctly interpreted 21 *Del. C.* § 4101(d)(12) when it dismissed Mr. Lowicki's appeal for lack of jurisdiction.  The State argues "the civil penalty that must exceed $100 refers only to the fine at issue and does not include any costs and surcharges imposed."[3]  The State contends that because Mr. Lowicki's fine only was $75, it did not meet the $100 threshold and the Court of Common Pleas lacked jurisdiction over the appeal.

6.     On April 17, 2019, the Court requested that the State submit supplemental briefing addressing whether the amounts Mr. Lowicki was required to pay for the various "funds" were authorized by 21 *Del. C.* § 4101(d)(3) and, if

[2] *Lowicki v. State*, 2017 WL 6186690, at *3 (Del. Com. Pl. Dec. 7, 2017).
[3] Appellee's Answering Br. at 6-7.

they were not so authorized, whether those amounts necessarily constituted a "civil penalty" under 21 *Del. C.* § 4101(d)(12).[4]  The State filed its response on May 7, 2019.  The State contends the amounts for the Transportation Trust Fund, State Police Fund, Local Law Enforcement Fund, and Ambulance Fund were authorized under 21 *Del. C.* § 4101(d)(3) through later-enacted legislation and a 2010 JP Court policy directive.[5]  The State also argues the "fund" amounts do not constitute a "civil penalty" under 21 *Del. C.* § 4101(d)(12).  The State cites the legislative history of 21 *Del. C.* § 4101(d)(12) and *Santillo v. State*[6] to support this contention. The State also argues that Mr. Lowicki did not raise, and therefore waived, the issue of whether the "fund" amounts constitute a civil penalty under 21 *Del. C.* § 4101(d)(12).

7.     Mr. Lowicki filed a response on May 30, 2019.  He argues the "fund" amounts are not authorized by 21 *Del. C.* § 4101(d)(3), and the later-enacted legislation cited by the State is not applicable because Title 11 is for criminal offenses, and a violation under 21 *Del. C.* § 4101(d)(3) is not a criminal offense. Mr. Lowicki also points out that the use of the words "fine" and "penalty" in those provisions does not comport with the term "assessment" used in 21 *Del. C.* § 4101(d)(3).  If the Court finds the "fund" amounts are authorized, however, Mr.

---

[4] This issue was not addressed by the lower court or the State in its answering brief.
[5] *See* 11 *Del. C.* § 4101(g)(1), (h), (j).
[6] 1985 WL 189243 (Del. Super. Aug. 9, 1985).

4

Lowicki contends they should be considered part of the civil penalty for appeal purposes.

**Analysis**

8.    In considering an appeal from a Court of Common Pleas decision, this Court's role is to review questions of law, such as statutory interpretation and decisions regarding jurisdiction, *de novo.*[7]   Mr. Lowicki's appeal of the lower court's decision regarding jurisdiction requires interpretation of 21 *Del. C.* § 4101(d)(12), which defines the scope of the appellate right for persons found responsible for a traffic camera violation.  There is a right to appeal only when the "civil penalty imposed exceeds $100."   The statute goes on to state that "[a]dditional penalty assessments" for late payment or response imposed under 21 *Del. C.* § 4101(d)(3) shall be included in the "civil penalty" for purposes of determining whether a right to appeal exists.[8]

9.    In this case, Mr. Lowicki argues the court costs and other fees imposed by the JP Court are part of the "civil penalty" under 21 *Del. C.* § 4101(d)(12) and therefore the total civil penalty imposed exceeded $100 and triggered a right to appeal.  Mr. Lowicki argues 21 *Del. C.* § 4101 permits the Court to impose the following, which he refers to as the "liability assessment

---

[7] *Delaware Institute of Health Sciences, Inc. v. Okorie*, 2011 WL 3481055, at *1 (Del. Super. Aug. 4, 2011).

[8] 21 *Del. C.* § 4101(d)(12).  No late payment or late response assessments are at issue in this case.

5

exposure": (i) an "amount" not to exceed $110.00,[9] (ii) an "additional assessment" of up to $30 for late payment, (iii) court costs and fees of up to $35.[10] Mr. Lowicki contends that "[f]or purposes of an appeal[,] all three categories are added together for determining the right to appeal."[11] According to Mr. Lowicki, 21 *Del. C.* § 4101(d)(3) "clearly states court cost[s] or similar administrative fees are assessments for liability for [a] violation and arise out of a defendant's []response[] or request for hearing and losing."[12] Mr. Lowicki reasons "[a]s an additional penalty assessment[,] [court costs and fees are] included expressly in meeting the $100.00 civil penalty threshold for appeal to the [C]ourt of [C]ommon [P]leas."[13]

10. As the Court of Common Pleas found, Mr. Lowicki's argument contradicts the plain language of the statute when it is read as a whole.[14] The lower court held that Section 4101(d)(3) uses the phrase "civil or administrative assessment" to refer to a civil penalty and caps that assessment at $110 unless late fees are assessed as permitted by Section 4101(d)(3). Section 4101(d)(3) also permits the JP Court to charge court costs and similar administrative fees if a

---

[9] Mr. Lowicki studiously avoids using terms like fine or penalty to describe this "amount."
[10] Appellant's Opening Br. at 7-8.
[11] *Id*. at 8.
[12] *Id*.
[13] *Id*.
[14] *Lowicki*, 2017 WL 6186690, at *2 ("Based on a plain reading of § 4101, the 'civil penalty' does not include court costs or 'similar administrative fees.' When § 4101(d)(12) and §4101(d)(3) are read in conjunction, there are no ambiguities.").

person unsuccessfully contests a violation.[15] The Court of Common Pleas held that those costs and fees are not part of the "civil and administrative assessment" in Section 4101(d)(3) because the statute specifically separates that assessment from the court costs and fees. Because the lower court held that the "civil or administrative assessment" referred to in Section 4101(d)(3) is the same as the "civil penalty" referred to in Section 4101(d)(12), the Court rejected Mr. Lowicki's argument that the court costs and administrative fees should be considered in calculating whether his civil penalty exceeded the appeal threshold.

11. I agree with the lower court's analysis. The term "civil penalty" in Section 4101(d)(12) corresponds to the amount of the fine assessed by the JP Court, which falls within the "civil or administrative assessment" referenced in Section 4101(d)(3). Section 4101(d)(12) specifies that any late fees assessed under subsection (d)(3) also will be considered part of the civil penalty for determining whether there is a right to appeal. By specifically referring to only one of the amounts contained in subsection (d)(3), the legislature made clear that the other costs and fees imposed were not included within the "civil penalty." Section 4101(d)(3) refers to those amounts as costs and fees, not assessments or penalties.

12. I also agree with the State that the additional fees imposed for the various "funds" were required by statute and permitted by 21 *Del. C.* § 4101(d)(3).

---

[15] *Id.*

7

Those additional amounts expressly were mandated by 11 *Del. C.* § 4101. Subsections (g), (h), and (j) of that section require a court to levy those additional amounts for violations of Title 21. Mr. Lowicki first argues those amounts cannot be imposed in his case because violations of 21 *Del. C.* § 4101 are civil violations, not criminal offenses, and therefore Title 11 does not apply. This argument ignores the unambiguous language of 11 *Del. C.* § 4101, which imposes those amounts on both criminal defendants and recipients of civil offenses who violate Title 21.[16]

13. Mr. Lowicki also argues that those fees are not permitted by 21 *Del. C.* § 4101(d)(3), which states that "[no] assessments and court costs other than those specified in this subsection may be imposed." Given the conflict between 21 *Del. C.* §4101(d)(3), which prohibits fees other than those expressly listed, and 11 *Del. C.* § 4101, which requires imposition of the fees for the various funds, principles of statutory construction require that the "more specific and later-enacted statute controls the former, more general statute."[17] The applicable provisions of 21 *Del. C.* § 4101 became effective law on June 23, 2005, and all the

---

[16] 11 *Del. C.* § 4101(g)(1) and (j) refer to imposing the Transportation Trust Fund and Ambulance Fund fees on a "recipient of a civil offense . . . for any violation of Title 21." 11 *Del. C.* § 4101(h) refers to imposing the State Police and Local Law Enforcement Fund fees on a "traffic defendant . . . for any civil violation or civil penalty under . . . Title 21." All those subsections make clear that individuals who commit a civil violation under Title 21 are liable for the fees listed in Title 11, Section 4101.

[17] *Clark v. State*, 2008 WL 3906890, at *3, n.19 (Del. 2008) (citing *State v. Cook*, 600 A.2d 352, 355 n.6 (Del. 1991)).

applicable sections of 11 *Del. C.* § 4101 were adopted well after that date.[18]  The provisions of Title 11, Section 4101 are more specific and later-enacted than those in Title 21, Section 4101, and the provisions of Title 11 therefore control.[19]

14.     Finally, Mr. Lowicki did not squarely raise in the Court of Common Pleas the argument that the fees imposed for the various funds are "civil penalties" under Section 4101(d)(12).  That argument therefore has been waived.  Even if Mr. Lowicki clearly had articulated that argument, however, the "civil penalty" imposed still would not *exceed* $100.  11 *Del. C.* § 4101(h) refers to the Police and Law Enforcement Funds as an additional $15 "penalty," and 11 *Del. C.* § 4101(j) refers to the Ambulance Fund as an additional $10 "penalty."  11 *Del. C.* § 4101(g)(1), however, refers to the Transportation Fund as a "surcharge" rather than as a penalty.  Therefore, even if the Court considered the Police Fund, Law Enforcement Fund, and Ambulance Fund amounts as part of the "civil penalty" under 21 *Del. C.* § 4101(d)(12), Mr. Lowicki's "civil penalty" only would total $100 and therefore would not exceed the appeal threshold.

15.     Having concluded that Mr. Lowicki did not have a right to appeal the JP Court decision to the Court of Common Pleas, I do not reach the remaining

---

[18] *See* Del. H.B. 100, 143d Gen. Assem. (2005); Del. H.B. 264, 144th Gen. Assem. (2007); Del. H.B. 153, 146th Gen. Assem. (2011); Del. H.B. 315, 147th Gen. Assem. (2014).

[19] This interpretation is consistent with a policy directive issued by the JP Court in 2010.  *See* JP Policy Directive 10-238, Penalties & Costs for Red Light Camera Civil Violations Contested in Justice of the Peace Court.

issues he raises on appeal, which relate to the merits of the JP Court's decision.[20]

For the foregoing reasons, the Court of Common Pleas' decision is **AFFIRMED.**

/s/ *Abigail M. LeGrow*
Abigail M. LeGrow, Judge

Original to Prothonotary

---

[20] Even if I concluded the Court of Common Pleas erred, this Court could not address Mr. Lowicki's arguments regarding the merits of the JP Court's decision. At best, if the Court of Common Pleas had erred in concluding it lacked jurisdiction, this Court would have remanded the appeal to the Court of Common Pleas for further decision on the merits.