**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,         :
                               :       ID No. 1907004115

         v.               :
                               :

TYRONE CLARK,            :
                               :

      Defendant.        :

## ORDER

Submitted: January 15, 2021
Decided:  January 25, 2021

On this 25th day of January 2021, having considered the application of the State, the motion of Defendant Tyrone Clark, and the parties' responses to both, it appears that:

1. On February 4, 2020, after a five-day trial, a Kent County jury convicted Mr. Clark of ten felony sexual offenses. It found him guilty of the following: one count of attempted sexual abuse of a child by a person of trust, authority or supervision in the first degree, two counts of sexual abuse of a child by a person of trust, authority or supervision in the first degree, one count of sexual abuse of a child by a person of trust, authority, or supervision in the second degree, one count of rape in the second degree, one count of attempted rape in the second degree, two counts of dangerous crime against a child, one count of rape in the fourth degree, and one count of unlawful sexual contact in the first degree.

2. Because of logistical concerns caused by the Covid-19 pandemic, Mr. Clark remains unsentenced one year after his trial. In advance of his sentencing, both parties submitted detailed written arguments regarding two issues: (1) the

extent that some of these convictions should merge for purposes of sentencing, and (2) whether the sentencing enhancement of 11 *Del. C.* § 4205A applies to the guilty verdicts as to Counts 1 through 5 of the indictment. If the sentencing enhancement applies to those convictions, then Section 4205A increases the minimum mandatory sentence for each offense to twenty-five years of incarceration. Applying that sentence enhancer also increases the upper range for those offenses to life imprisonment.

3. Mr. Clark argues that eight of the charges the jury convicted him of should merge into four for purposes of sentencing. As to the merger argument, he argues that the same elements are included in each pair of convictions and that the jury found him to have committed only four distinct acts.

4. Mr. Clark also opposes the State's application for enhanced sentencing pursuant to 11 *Del. C.* § 4205A. He disputes applying it to his convictions of Counts 1 through 5. He contends that increasing the penalties for these counts would be inappropriate because doing so would violate the principles recognized in *Apprendi v New Jersey*[1] and *Alleyne v. United States.*[2] The holdings in those cases recognize that any fact that increases the statutory maximum penalty,[3] or the minimum mandatory sentence[4] for an offense, with the exception of the fact of a prior conviction, must first be found by the jury beyond a reasonable doubt. He emphasizes that although the indictment alleged the necessary age in those five counts, the Court did not instruct the jury that her age of less than fourteen years was an element of the offense.

5. With regard to the issue of merger at sentencing, the State concedes that Mr. Clark's conviction of Count 6, rape fourth degree, merges into his conviction of

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
[2] *Alleyne v. United States*, 570 U.S. 99 (2013).
[3] *Apprendi*, 530 U.S. at 490.
[4] *Alleyne*, 570 U.S. at 108.

Count 7, dangerous crime against a child. Furthermore, the State concedes that Mr. Clark's conviction of Count 8, sexual abuse of a child by a person of trust, authority, or supervision in the second degree merges into Count 9, dangerous crime against a child.

6. The parties disagree, however, regarding whether Count 3, attempted rape in the second degree, merges into Count 1, attempted sexual abuse of a child by a person of trust, authority, or supervision in the first degree (hereinafter "attempted sexual abuse first"). They also dispute whether his conviction of Count 4, rape in the second degree, merges into his conviction of Count 2, sexual abuse of a child by a person of trust, authority, or supervision in the first degree (hereinafter "sexual abuse first").

7. At the outset, Mr. Clark correctly emphasizes that each pair of offenses include crimes that contain the same elements, with the exceptions of one additional element that is found in each corresponding offense.[5] In such cases, when one criminal occurrence gives rise to more than one crime, merger may be appropriate.[6] In response, the State does not dispute that the charges that allegedly merge arise from the same occurrence. Accordingly, they would merge for the purposes of sentencing absent clear legislative intent that the convictions (that arise from the same criminal acts) carry separate penalties.[7]

8. The State correctly argues that when the General Assembly created the offenses of sexual abuse first degree and attempted sexual abuse first degree it demonstrated its intent to punish those charges separately from any other convictions. It expressly provided for separate sentences in the statute creating the

---

[5] 21 Am. Jur. 2d *Criminal Law* §21 (Nov. 2020).

[6] *See Poteat v. State*, 840 A.2d 599, 603 (Del. 2003) (recognizing that "[g]enerally, multiple punishments are 'not imposed for two offenses arising out of the same occurrence . . . [the legislature] ordinarily does not intend to punish the same offense under two different statutes.") (citation omitted).

[7] *State v. Cook*, 600 A.2d 352, 355 (Del. 1991).

offense and in the statute that defines an attempt of that offense.[8]  Accordingly, neither rape second degree or attempted rape second degree merge into the two sexual abuse charges for sentencing purposes.

9. The Court next examines whether there was legally sufficient proof of the victim's age to justify applying 11 *Del. C.* 4205 A(a)'s sentencing enhancer.  Mr. Clark emphasizes that the jury instructions for Counts 1, 2, 3, 4, 5 did not include the victim's age as an element of the offense.  In relying on the United States Supreme Court's decisions in *Apprendi* and *Alleyne*, Mr. Clark  argues that increasing the minimum mandatory sentences for Counts 1 through 5 to twenty-five years each, and increasing the maximum sentences for each to life in prison, requires that a jury find the victim's age to be less than fourteen.[9]  There was no dispute at trial that the victim was twelve years old and that Mr. Clark acknowledged the fact on cross-examination.  That alone, however, would not trigger the enhancement absent a jury finding that the victim was less than fourteen years old.  The Court's decision, however, turns on a different factor.  Namely, the enhancer applies in this case because the jury *did* find beyond a reasonable doubt that the victim was under fourteen years of age, albeit in separate counts than the ones at issue.  Namely, the jury instructions in Counts 7 and 9 both included an element requiring the victim to

---

[8] *See* 11 *Del. C.* § 778(7) ( providing that nothing contained in the section creating the crime of sexual abuse of a child by a person of trust, authority, or supervision in the first degree "shall preclude a separate, charge, conviction, *or sentence* for any other crime set forth in this title, or in the Delaware Code.") (emphasis added). Based on unequivocal direction by the General Assembly that these charges, involving the same conduct, carry separate sentences, the Court need not address the State's separate contention that 11 *Del. C.* § 3901 (d)'s consecutive sentencing provision requires separate sentences for the what are the same two criminal acts.  Likewise, the General Assembly provided clear statutory direction that the LIO attempt verdicts returned in Counts 1 and 3 trigger the enhancer.  *See* 11 *Del. C.* § 531 (providing that "[a]ttempt to commit a crime is an offense of the same grade and degree as the most serious offense which the accused is found guilty of attempting.").

[9] *See Alleyne*, 570 U.S. at 99 (holding that the Sixth Amendment requirement that a jury find all elements of a crime beyond a reasonable doubt "applies with equal force to facts increasing the mandatory minimum [because] a fact triggering a mandatory minimum alters the prescribe range of sentences to which a criminal defendant is exposed.").

be "less than 14 years of age at the time of the charged offense." The jury convicted Mr. Clark of both counts. It follows that the jury found beyond a reasonable doubt that the victim was under fourteen, thus satisfying Mr. Clark's Due Process and Sixth Amendment rights as recognized in *Apprendi* and *Alleyne*.

10. Here, the General Assembly directed that upon the State's application, the Court "*shall* sentence defendant convicted of [Counts 1, 2, 3, 4, 5, 7, and 9] to not less than 25 years up to life imprisonment *[if] the victim of the instant offense is a child less than 14 years of age*."[10] Likewise, the General Assembly correspondingly increased maximum penalty for these enhanced offenses to life imprisonment.[11] Because the jury found beyond a reasonable doubt that the victim was less than fourteen years old, the Court has no discretion other than to apply the sentencing enhancement to Counts 1 through 5.

WHEREFORE, for the reasons discussed, the State's application to apply the enhanced penalties based upon 11 *Del. C.* § 4205A (a) is **GRANTED**. Furthermore, Defendant Clark's motion to merge Count 6 into Count 7 and Count 8 into Count 9 is **GRANTED**. Defendant Clark's motion to merge Count 3 into Count 1, and Count 4 into Count 2, however, is **DENIED**.

/s/Jeffrey J Clark
Judge

oc: Prothonotary
sc: Kevin Smith, DAG
    James Liguori, Esquire

---

[10] 11 *Del. C.* § 4205A (a) (emphasis added).
[11] *Id.*