Lawrence JOHNSON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 150, 1997.

Supreme Court of Delaware.

Submitted: May 7, 1998.
Decided: May 20, 1998.

Bernard J. O'Donnell (argued), and Kathryn B. Lunger, Assistant Public Defenders, Office of the Public Defender, Wilmington, for appellant.

Timothy J. Donovan, Jr. (argued), and Thomas E. Brown, Deputy Attorneys General, Department of Justice, Wilmington, for appellee.

Before VEASEY, C.J., WALSH, and HARTNETT, JJ.

PER CURIAM:

In this appeal from the Superior Court, we again confront the question of whether a single killing may give rise to multiple convictions and sentences for felony murder. Reaffirming previous rulings of this Court, we conclude that neither statutory intent, nor constitutional standards, require the merger of felony murder counts predicated on separate underlying felonies.

The appellant, Lawrence Johnson, was indicted on multiple charges arising out of the robbery and murder of Thomas Smith in June 1995. Three of the charges alleged first degree murder: (i) intentionally causing the death of Smith; (ii) causing the death of Smith during the commission of a robbery, with criminal negligence; and (iii) recklessly causing the death of Smith during the commission of a burglary. Before trial, Johnson's motion to have the two felony murder charges merged was denied.

After a lengthy jury trial, Johnson was acquitted of the intentional murder charge but convicted of both charges of felony murder. As required by 11 *Del.C.* § 4209(d)(2), Johnson was sentenced to two consecutive terms of life imprisonment without the possibility of probation, parole or other reduction. In this appeal, Johnson raises a single claim of error—the refusal of the Superior Court to merge the two charges of felony murder.

■ Delaware law specifying the forms of first degree murder is set forth in 11 *Del.C.* § 636(a), which provides in pertinent part:

A person is guilty of murder in the first degree when:

(1) The person intentionally causes the death of another;

(2) In the course of and in furtherance of the commission or attempted commission of a felony or immediate flight therefrom, the person recklessly causes death of another person;

\*　　\*　　\*

(6) The person, with criminal negligence, causes the death of another person in the course of and in furtherance of the commission or attempted commission of rape, unlawful sexual intercourse in the first or second degree, kidnaping, arson in the first degree, robbery in the first degree, burglary in the first degree, or immediate flight therefrom; . . . .

■ This Court has previously interpreted 11 *Del.C.* § 636(a) as permitting the imposition of multiple punishments for separate convictions of felony murder and intentional murder, based on the same death. *Chao v. State,* Del.Supr., 604 A.2d 1351 (1992); *Flamer v. State,* Del.Supr., 490 A.2d 104, *cert. denied,* 464 U.S. 865, 104 S.Ct. 198, 78 L.Ed.2d 173 (1983). These decisions have adhered to the principle that the prohibition against double jeopardy is not implicated where each offense requires proof of a fact that the other does not. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Because felony murder involves both a homicide and a separate felony, proof of such a charge requires the State to prove the elements of the underlying predicate felony. *DeJesus v. State,* Del.Supr., 655 A.2d 1180, 1202 (1995). Where, as here, the defendant caused the death of another person during the commission of more than one felony, a felony murder charge based on each predicate offense is distinct for double jeopardy purposes.

While Johnson does not argue that one of the felony murder counts of which he was convicted is lesser included within the other, he does contend that the two convictions were for the single offense of first degree murder involving a single victim. Johnson acknowledges that, in mandating consecutive sentencing, the General Assembly requires separate sentencing for distinct offenses, 11 *Del.C.* § 3901(d), but contends that the legislature did not intend separate consecutive sentences for alternative means of committing the same offense. *See Richardson v. State,* Del.Supr., 673 A.2d 144 (1996). Relying upon the recent decision of the United States Supreme Court in *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), Johnson also argues that he will suffer collateral consequences from the existence on his record of two felony murder convictions because his enhanced record may lessen his chances for a pardon or harshen his prison conditions.

Conceptually, we perceive no basis for distinguishing between multiple punishments for a single killing involving convictions of both intentional murder and felony murder and consecutive sentencing for multiple convictions of felony murder. Both situations implicate multiple punishments for the infliction of death upon one victim. The result in this case, thus, is within the rationale underlying *Chao* and *Flamer.* Moreover, the General Assembly did not amend § 636 in response to *Flamer's* pronouncement fifteen years ago. Thus, we cannot accept the argument that the General Assembly had any intent other than that reflected in *Flamer* and its progeny.

We do not read *Rutledge* as compelling a different result. The principal holding in *Rutledge,* that a conspiracy charge required proof of facts included in a continuing criminal enterprise charge under 21 U.S.C. § 846 and, thus, fell afoul of the standard of *Blockburger,* is concededly not at issue here. Moreover, in *Rutledge,* the Court determined that the defendant suffered collateral consequences by reason of separate convictions in the form of statutorily-mandated special assessments.

In view of Johnson's "no parole, no release" sentence, we perceive of no collateral consequences of any substance that he may incur. Johnson's argument that he may at some future date be viewed more harshly for purposes of Executive clemency is too remote and speculative to constitute detriment for sentencing purposes.* *See Williamson v. State,* Del.Supr., 669 A.2d 95, 99 (1995).

Finally, we note that multiple convictions based on separate factual determinations assure service of one life sentence in the event one of the convictions is later invalidated on

---

* Because an inmate has no constitutional or inherent entitlement to Executive clemency, "pardon and commutation decisions have not traditionally been the business of courts." *Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981).

grounds affecting only that offense. *See Chao v. State,* 604 A.2d at 1361 n. 10.

We find no error in the refusal of the Superior Court to merge the felony murder convictions in this case. Accordingly, the judgment is AFFIRMED.