Shane J. DeSHIELDS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 485, 2004.

Supreme Court of Delaware.

Submitted: June 22, 2005.

Decided: July 13, 2005.

E. Stephen Callaway and James D. Nutter (argued), Esquires, Office of the Public Defender, Georgetown, Delaware; for Appellant.

Kim Ayvazain, Esquire, Department of Justice, Georgetown, Delaware; for Appellee.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

JACOBS, Justice.

Shane DeShields, the defendant-below appellant, appeals the sentence resulting from his convictions of one count of felony murder and one count of second degree murder. DeShields argues that his convictions of two counts of murder based upon a single homicide is unconstitutional under the Double Jeopardy clauses of the United States and the Delaware Constitutions. Because each statute under which DeShields was convicted requires proof of a fact that the other statute does not, the convictions were not multiple punishments for the same offense, and therefore, did not violate the constitutional prohibition against double jeopardy. Accordingly, we affirm.

### Facts

DeShields was tried and convicted by a Superior Court jury for the murder of George Coverdale. The critical facts are not disputed. DeShields admitted to the police that he had arranged to purchase drugs from Coverdale, and that he was planning to steal the drugs when Coverdale delivered them. While sitting in Coverdale's van during the transaction, DeShields pointed a gun at Coverdale. Coverdale exited the van. DeShields and his companion, Michael Smith, both fired at Coverdale, and Coverdale returned fire. One of the gunshots struck Coverdale, who died from the wound.

DeShields was convicted of two counts of murder for Coverdale's death: one count of felony murder (first degree) and one count of second degree murder.[1] DeShields was sentenced to life in prison on the first degree felony murder conviction, and to 20 years in prison on the second degree murder conviction. On appeal, DeShields does not contest the sufficiency of the evidence supporting his conviction of these two charges. Rather, he claims that the separate sentences constitute multiple punishments for the same offense, in violation of the protections against double jeopardy afforded by the United States and Delaware Constitutions.[2]

---

1. DeShields was charged with felony murder and intentional murder. The second degree murder charge was a lesser-included offense of the intentional murder charge. DeShields was also convicted of first degree robbery, conspiracy, and three counts of possession of a firearm during the commission of a felony. Those latter convictions are not at issue in this appeal.

2. Although DeShields articulates his claim in terms of whether his multiple *sentences* for

## Analysis

DeShields concedes that his constitutional claim was not fairly presented to the Superior Court and that, accordingly, the standard under which this Court reviews his claim is plain error. In this case, the trial court, by imposing a separate sentence for each conviction, committed no error, much less plain error.

■ The Double Jeopardy clauses of both the United States and the Delaware Constitutions[3] protect a defendant against multiple punishments for the same offense.[4] This Court has repeatedly recognized, however, that principles of double jeopardy do not prohibit multiple punishments for the same wrongful conduct where that conduct gives rise to separate criminal offenses, each of which requires proof of a fact that the other offense does not.[5] In other words, if a crime of which the defendant is convicted contains a statutory element that the other crime of which the defendant is convicted does not, the two offenses are not the "same" for double jeopardy purposes.[6]

Applying this "statutory elements" test, this Court has previously held that a defendant may be convicted of, and sentenced for, separate counts of intentional murder and felony murder arising from a single homicide.[7] In *Johnson v. State*, this

Court held that a defendant could constitutionally be convicted of and sentenced for two counts of felony murder arising from the death of one person, if the defendant caused the death of that person during the commission of more than one felony.[8]

■ Under the statutory elements test, DeShields' convictions for felony murder and second degree murder did not constitute multiple punishments for the same offense in violation of the Double Jeopardy clauses of the United States and the Delaware Constitutions. A person is guilty of felony murder when he or she recklessly causes the death of another person "[w]hile engaged in the commission of, or attempt to commit, or flight after committing or attempting to commit any felony."[9] To be guilty of second degree murder, a person must "recklessly cause[ ] the death of another person under circumstances which manifest a cruel, wicked, and depraved indifference to human life."[10] Thus, to prove felony murder, the State must show that the defendant recklessly caused another person's death while in furtherance of a felony. Although "reckless causation" is an element of both felony and second degree murder, to prove second degree murder, the State must show an additional element not included in the definition of felony murder, namely, that the defendant's actions indicated a "cruel,

felony murder and second degree murder are a violation of double jeopardy, as this Court recognized in *Chao v. State*, the question, properly framed, is whether multiple *convictions* arising from a single death are constitutionally permissible. 604 A.2d 1351, 1360 (Del.1992).

3. U.S. CONST. Amend V; DEL. CONST. Art. I, § 8.

4. *State v. Cook*, 600 A.2d 352 (Del.1991) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

5. *Johnson v. State*, 709 A.2d 1158 (Del.1998); *Chao*, 604 A.2d 1351; *Deputy v. State*, 500

A.2d 581 (Del.1985); *Rush v. State*, 491 A.2d 439 (Del.1985); *Flamer v. State*, 490 A.2d 104 (Del.1984).

6. *Chao*, 604 A.2d at 1361.

7. *Id.* See also, *Flamer v. State*, 490 A.2d at 118.

8. *Johnson v. State*, 709 A.2d at 1159.

9. 11 *Del. C.* § 636(a)(2).

10. 11 *Del. C.* § 635(1).

wicked, and depraved indifference for human life."

We understand that the appellant maintained, at least at oral argument, that the *mens rea* element of each offense was the same, and that the "cruel, wicked, and depraved indifference of a human life" element of second degree murder was simply an "attendant circumstance" that, though necessary to be proven beyond a reasonable doubt, did not preclude a merger of the *mens rea* element of the two offenses for double jeopardy purposes. We disagree. Because the statute defining second degree murder contains an element of proof that the felony murder statute does not, DeShields' convictions of both crimes did not run afoul of the Double Jeopardy clause of either the United States or the Delaware Constitutions.

### Conclusion

For the above reasons, the judgment of the Superior Court is **AFFIRMED**.