MICHAEL B. QUANDT, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 28, 2007.
Supreme Court of Delaware
Submitted: June 22, 2007.
Decided: August 3, 2007.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 3rd day of August 2007, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Michael B. Quandt, filed an appeal from the Superior Court's December 21, 2006 order denying his motion for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35. We find no merit to the appeal. Accordingly, we AFFIRM.
(2) In November 2003, Quandt entered a no contest plea to the charge of Manslaughter, a lesser-included offense of Intentional Murder in the First Degree. The Superior Court sentenced Quandt to 10 years at Level V incarceration, to be suspended after 7 years for 3 years of decreasing levels of supervision. The sentencing order provided that Quandt's 7 years at Level V were to be served without any chance of early release.[1]
(3) In April 2004, Quandt filed a motion for correction of an illegal sentence pursuant to Rule 35. The Superior Court granted the motion on May 14, 2004, correcting its sentencing order by removing the provision that Quandt's Level V sentence would not be subject to any form of early release. The Superior Court re-sentenced Quandt to 10 years at Level V, to be suspended after 8 years for 2 years of probation, and gave Quandt credit for 445 days of Level V time previously served.
(4) In this appeal, Quandt claims that a) his sentence exceeds the TIS guidelines; b) his sentence was impermissibly increased at re-sentencing; and c) he should not have been sentenced to 3 years of probation.
(5) Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time." The narrow function of Rule 35 is to permit correction of an illegal sentence.[2] Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily-authorized limits or violates double jeopardy.[3] A sentence also is illegal when it is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4] While the Superior Court may correct an illegal sentence at any time, it may only correct a sentence imposed in an illegal manner within 90 days of imposition of the sentence.[5] The Superior Court may consider an application filed more than 90 days of the imposition of sentence only in extraordinary circumstances.[6]
(6) Because Quandt's claims are, in essence, claims that his sentence was imposed in an illegal manner, they are time-barred under Rule 35(b). Moreover, we find no extraordinary circumstances in this case that would permit our consideration of those claims.
(7) Quandt's claims are substantively without merit in any case. The decision of the Superior Court to depart from the TIS guidelines is not, in and of itself, a basis for appeal.[7] Moreover, Apprendi and its progeny[8] do not impact Delaware's sentencing scheme because the TIS guidelines are voluntary and non-binding.[9]
(8) Quandt's claim that the sentencing judge improperly increased his sentence also is unavailing. The sentencing judge was not prohibited from imposing a harsher sentence on Quandt, as long as vindictiveness played no part in the decision to impose the harsher sentence.[10] There is no indication on the record in this case that the sentencing judge acted out of vindictiveness in imposing Quandt's sentence. Rather, the record reflects that the sentencing judge's intent was to implement his original sentencing plan.[11]
(9) Quandt's final claim is that he was illegally sentenced to 3 years of probation rather than the statutory maximum of 2 years. Because the Superior Court corrected Quandt's sentence to provide for only 2 years of probation, this claim is moot. Moreover, while Quandt urges this Court to consider this claim in case of a remand, there is no need to do so since the matter is not being remanded.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 11, § 4204(k).
[2] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).
[3] Id.
[4] Id.
[5] Super. Ct. Crim. R. 35(b); Winn v. State, Del. Supr., No. 521, 1997, Veasey, C.J. (July 6, 1998).
[6] Id.
[7] Siple v. State, 701 A.2d 79, 82-83 (Del. 1997).
[8] Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004).
[9] Benge v. State, Del. Supr., No. 137, 2004, Holland, J. (Nov. 12, 2004).
[10] United States v. Goodwin, 457 U.S. 368, 373-74 (1982).
[11] In fact, as the Superior Court noted in its December 21, 2006 decision, assuming that Quandt will earn good time credits, he could actually spend less time at Level V under the new sentence than under the sentence that was originally imposed.