**John H. BENGE, Jr., Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 262, 2007.

Supreme Court of Delaware.

Submitted: Dec. 7, 2007.
Decided: Jan. 25, 2008.
Reargument Denied April 4, 2008.

---

**32.** *See Trump v. State,* 753 A.2d at 967.

**33.** *See Kurzmann v. State,* 903 A.2d 702, 712–13 (Del.2006).

John H. Benge, Jr., pro se.

Loren C. Meyers, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice.

The defendant-appellant, John H. Benge, Jr., filed an appeal from the Superior Court's May 2, 2007 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61 and for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a). We find no merit to the appeal. Accordingly, we affirm.

### Facts

In August 2003, Benge was found guilty by a Superior Court jury of Assault in the Second Degree, Offensive Touching, and Criminal Trespass in the First Degree. The convictions were affirmed on direct appeal.[1] Three charges that had been severed from the original indictment were set for trial in January 2004. On the day of trial, Benge pleaded guilty to all three charges, consisting of two counts of Criminal Contempt of a Domestic Violence Protective Order and one count of Possession of a Deadly Weapon by a Person Prohibited. Benge was sentenced to fifteen days at Level V on each of the criminal contempt convictions. On the weapon conviction, he was sentenced to two years at Level V, to be suspended after six months

---

1. *Benge v. State*, No. 544, 2003, 2004 WL 2742314 (Del. Nov.15, 2004).

for probation. Benge did not file a direct appeal from those convictions.

### Issues on Appeal

In this appeal from the Superior Court's denial of his Rule 61 and Rule 35(a) claims, Benge argues that the Superior Court improperly determined that: first, his challenge to his guilty plea was procedurally defaulted and there was no evidence that he had been prejudiced by error committed at the plea colloquy; second, his double jeopardy claim was procedurally defaulted and had been waived at the time the guilty plea was entered; third, his claim of an illegal sentence under *Apprendi v. New Jersey*,[2] was time-barred and meritless; and fourth, his claim that the prosecutor breached the plea agreement was procedurally defaulted and meritless.

### Guilty Plea

 Benge's first claim is that the Superior Court improperly ruled that his challenge to his guilty plea was procedurally defaulted and that the procedural default could not be overcome in the absence of any evidence that Benge was prejudiced by error committed during the plea colloquy. The Superior Court correctly determined that Benge's challenge to his guilty plea was procedurally defaulted because it had not been raised on direct appeal.[3] Moreover, the Superior Court correctly determined that Benge had failed to overcome the procedural default. While it is true that the guilty plea form and statements by the sentencing judge erroneously reflected a possible maximum sentence of two, rather than eight, years at Level V, Benge, in fact, was sentenced to only two

years at Level V. Thus, in the absence of any evidence of prejudice as a result of the error, the Superior Court properly denied this claim.[4]

### Double Jeopardy

 Benge's second claim is that Superior Court improperly ruled that his double jeopardy claim was procedurally defaulted and had been waived at the time he entered his guilty plea. Again, the Superior Court correctly determined that Benge's double jeopardy claim was procedurally defaulted because it had not been raised on direct appeal.[5] Moreover, the record reflects that, prior to trial, Benge's attorney filed a motion to dismiss the criminal contempt and weapon charges on the ground of multiplicity. When the judge raised the issue during the guilty plea colloquy, Benge's attorney stated, "... we're waiving that...." Likewise, at the sentencing hearing, Benge's attorney stated, "... my client has waived ... those arguments premised upon what he believes is a fair sentencing recommendation by the State...." Under Delaware law, a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea, including a multiplicity defect.[6] In the absence of any evidence that his plea was involuntary, and in light of his attorney's express waiver of any multiplicity defect, we conclude that the Superior Court properly denied this claim.

### Apprendi Claim

 Benge next argues that the Superior Court improperly rejected his claim of an *Apprendi* violation on the grounds of

---

**2.** *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**3.** Super. Ct.Crim. R. 61(i)(3).

**4.** Super. Ct.Crim. R. 61(i)(3)(A) and (B).

**5.** Super. Ct.Crim. R. 61(i)(3).

**6.** *Hall v. State,* No. 649, 2006, 2007 WL 3170467 (Del. Oct.30, 2007) (citing *Downer v. State,* 543 A.2d 309, 312 (Del.1988) (holding that a curable defect may be waived by a voluntary guilty plea)).

untimeliness and lack of merit. The Superior Court correctly determined that Benge's *Apprendi* claim, which was a claim that his sentence was imposed in an illegal manner, was time-barred[7] and correctly determined that Benge's *Apprendi* claim was without merit in any case. In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[8] In *Harris v. United States*, the Court refined that principle by holding that a jury need not consider facts that impact the length of a sentence that is within the statutory range.[9] In addition, this Court has ruled that *Apprendi* and its progeny do not impact the Delaware sentencing scheme due to the voluntary and nonbinding character of the Truth in Sentencing guidelines.[10] Thus, for all of the above reasons, we conclude that the Superior Court properly denied this claim.

### *Plea Agreement*

 Benge's fourth, and final, claim is that the Superior Court improperly ruled that his claim of a violation of the plea agreement by the prosecutor was procedurally defaulted and meritless. The Superior Court correctly determined that Benge's claim of a violation of the plea agreement by the prosecutor was procedurally defaulted because it had not been raised on direct appeal.[11] Moreover, the record reflects that, in exchange for Benge's guilty plea, the State agreed to recommend, and did recommend, a Level V sentence of two years, to be suspended for one year at Level III, on the weapon charge and a Level V sentence of one year, to be suspended after fifteen days at Level III, on each of the criminal contempt charges. At the sentencing hearing, the prosecutor stated that the purpose of the fifteen-day criminal contempt sentences was to place upon the record the fact that Benge had disobeyed a court order. While Benge argues that the statement violated the plea agreement by placing an "aggravating factor" before the judge, the record more reasonably reflects that the statement merely served to explain to the judge the rationale behind the State's sentencing recommendation.[12] Thus, we conclude that the Superior Court judge also properly denied Benge's fourth, and final, claim.

### *Conclusion*

The judgment of the Superior Court is affirmed.

---

7. Super. Ct.Crim. R. 35(b).

8. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

9. *Harris v. United States*, 536 U.S. 545, 563–64, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002); *Brown v. State*, Del.Supr., No. 196, 2002, 2002 WL 31300027, Berger, J. (Oct. 10, 2002) (citing *Harris v. U.S.*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)).

10. *Quandt v. State*, No. 28, 2007, 2007 WL 2229017 (Del. Aug.3, 2007) (citing *Benge v. State*, No. 137, 2004, 2004 WL 2743431 (Del. Nov. 12, 2004)).

11. Supr. Ct.Crim. R. 61(i)(3).

12. *United States v. Queensborough*, 227 F.3d 149, 157–58 (3d Cir.2000).