JOHN H. BENGE, JR., Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 546, 2008.
Supreme Court of Delaware.
Submitted: April 24, 2009.
Decided: June 2, 2009.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 2nd day of June 2009, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, John Benge, filed this appeal from the Superior Court's summary denial of his second motion for postconviction relief, which challenged Benge's 2004 guilty plea and sentence. We find no merit to Benge's appeal. Accordingly, we affirm the Superior Court's judgment.
(2) The record reflects that a grand jury indicted Benge in January 2003 for an October 2002 assault on his ex-wife and shooting of her friend. Three charges in the indictment were severed from the others. In August 2003, a Superior Court jury convicted Benge of second degree assault, offensive touching, and first degree criminal trespass. This Court affirmed on direct appeal.[1] Thereafter, in January 2004, Benge pled guilty to the three remaining charges, which included possession of a deadly weapon by a person prohibited and two counts of criminal contempt. The Superior Court sentenced him to fifteen days at Level V incarceration on each of the criminal contempt convictions. On the weapon conviction, the Superior Court sentenced him to two years at Level V incarceration, to be suspended after serving six months for probation. Benge did not appeal.
(3) Instead, he filed a motion for postconviction relief and a motion for correction of illegal sentence in December 2006. The Superior Court denied Benge's postconviction claims on the grounds that: (i) his challenge to his guilty plea was procedurally defaulted because Benge had failed to challenge it on direct appeal; (ii) his double jeopardy claim was procedurally defaulted and had been waived at the time Benge entered his guilty plea; (iii) his claim of an illegal sentence was untimely and without merit; and (iv) his claim that the prosecutor breached the plea agreement was both procedurally defaulted and without merit. We affirmed the Superior Court's judgment on appeal.[2]
(4) In September 2008, Benge filed his second motion for postconviction relief. As grounds for relief, Benge argued: (i) that the Family Court protective order banning Benge from possessing a firearm was overly broad and violated his constitutional right to bear arms; (ii) the Family Court's protective order was constitutionally invalid because it was entered by a Commissioner and not a Judge of the Family Court; and (iii) double jeopardy prohibited his convictions for contempt. The Superior Court denied Benge's motion on the grounds that it was untimely, repetitive, and the claims could have been pursued in a direct appeal.[3] The Superior Court concluded that Benge's motion did not assert any retroactive right and that he did not otherwise overcome the procedural hurdles of Rule 61.
(5) After careful consideration of the parties' briefs and the record on appeal, we find it manifest that the judgment below should be affirmed on the basis of the Superior Court=s well-reasoned decision dated October 1, 2008. The Superior Court did not err in concluding that Benge's second motion for postconviction relief was procedurally barred and that Benge had failed to overcome the procedural hurdles.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Benge v. State, 2004 WL 2742314 (Del. Nov. 15, 2004).
[2] Benge v. State, 945 A.2d 1099 (Del. 2008).
[3] See Del. Super. Ct. Crim. R. 61(i)(1)-(3).