PHILIP J. CELATKA, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 179, 2009.
Supreme Court of Delaware.
Submitted: December 18, 2009.
Decided: March 11, 2010.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 11th day of March 2010, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:
(1) The record reflects that the appellant, Philip J. Celatka, was indicted on October 2, 2000 for having committed twenty-nine sexual offenses against a sixteen-year old victim beginning in August 1992 when the victim was only eight years old. On December 6, 2000, Celatka pled guilty to two counts in the indictment including one count alleging that he committed first degree unlawful sexual intercourse between August 1, 1992 and December 31, 1992 ("the USI count").
(2) Celatka has appealed the Superior Court's March 11, 2009 summary denial of his second pro se motion for postconviction relief pursuant to Superior Court Criminal Rule 61(i).[1] Celatka argues that the Superior Court lacked jurisdiction to accept his guilty plea to the USI count because the prosecution for that offense was barred by title 11, section 205(b)(1) of the Delaware Code. Under section 205(b)(1) in effect at the time of the offense, the prosecution of any felony, except murder, was required to be commenced within five years after it was committed.[2]
(3) Celatka's argument is without merit. Under subsection (e) in the same statute as amended, a prosecution for a sexual offense committed against a minor could be commenced within two years of disclosure to police notwithstanding the expiration of the five-year statute of limitations under subsection (b).[3] In this case, the record reflects that the minor victim disclosed the alleged sexual offenses to police on August 10, 2000. Thus, Celatka's indictment less than two months later on October 2, 2000 was timely under section 205(e). To the extent Celatka argues that the State's reliance on section 205(e) should have been alleged in the indictment "as an element of the offense,"[4] the Court concludes that this alleged defect in the indictment was waived by Celatka's voluntary guilty plea.[5]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] See Del. Super. Ct. Crim. R. 61(i) (listing procedural bars to relief).
[2] Del. Code Ann. tit. 11, § 205(b)(1) (1987).
[3] Del. Code Ann. tit. 11, § 205(e) (1987 & Supp. 1992) (effective July 15, 1992).
[4] See Del. Code Ann. tit. 11, § 205(i) (providing in relevant part that in any prosecution in which subsection (e) is sought to be invoked to avoid the limitation period of subsection (b), the State must allege and prove the applicability of subsection (e) as an element of the offense).
[5] Benge v. State, 945 A.2d 1099, 1101 (Del. 2008); Downer v. State, 543 A.2d 309, 312-13 (Del. 1988).