IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD L. EVANS, JR., | § | |
| | § | No. 241, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | the State of Delaware in and for |
| v. | § | Kent County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0808023433 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 1, 2015
Decided: August 7, 2015

Before **VALIHURA, VAUGHN** and **SEITZ,** Justices.

### ORDER

This 7th day of August 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm filed under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Ronald L. Evans, Jr. ("Evans"), filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.

(2) The record reflects that, following his arrests on July 8, 2008 and August 22, 2008, Evans was indicted on a number of drug and drug-

related offenses. On September 2, 2008, Evans was indicted for offenses related to his July 8, 2008 arrest (hereinafter "September indictment").[1] On October 6, 2008, Evans was indicted for offenses related to his August 22, 2008 arrest (hereinafter "October indictment").[2]

(3) On March 27, 2009, Evans pled guilty to one count of Trafficking in Cocaine and two counts of Possession with Intent to Deliver Cocaine ("PWIDC") from the October indictment and one count of PWIDC from the September indictment. As part of the plea agreement, the State entered a *nolle prosequi* on the other twenty-one charges in the two indictments and agreed not to seek habitual criminal sentencing. The Superior Court sentenced Evans to a total of seventy years at Level V suspended after twelve years followed by six months at Level IV and eighteen months at Level III. In 2011, this Court affirmed the denial of Evans' motion for postconviction relief.[3]

(4) On April 13, 2015, Evans filed a "motion for correction of an aggregate sentence and double jeopardy violations" (hereinafter "motion for correction of illegal sentence"). Evans claimed that the two counts of PWIDC that he pled guilty to from the October indictment were

---

[1] *See* docket at 6, *State v. Evans*, Del. Super., Cr. ID No. 0807012992 (Sept. 2, 2008).

[2] *See* docket at 3, *State v. Evans*, Del. Super., Cr. ID No. 0808023433 (Oct. 6, 2008).

[3] *Evans v. State*, 2011 WL 1758828 (Del. May 9, 2011).

2

multiplicitous and thus violated the prohibition against double jeopardy. By order dated April 15, 2015, the Superior Court denied the motion as untimely filed and on the basis that "[n]o additional information has been provided to the Court which would warrant a reduction or modification of this sentence." This appeal followed.

(5) On appeal, Evans claims that the Superior Court abused its discretion when it treated his motion for correction of illegal sentence as an untimely motion for reduction of sentence. Also, Evans continues to claim that the two counts of PWIDC that he pled guilty to from the October indictment violated double jeopardy. Evans contends that his conviction and sentence on one count of PWIDC must be vacated.

(6) Having carefully considered the parties' positions on appeal, the Court finds that the Superior Court erred when it construed Evans' motion for correction of illegal sentence as a motion for reduction of sentence and concluded that the motion was time-barred.[4] Nonetheless, the

---

[4] *Compare* Super. Ct. Crim. R. 35(a) (governing correction of sentence and providing "[t]he court may correct an illegal sentence at any time") *with* Super. Ct. Crim. R. 35(b) (governing reduction of sentence and providing that the court may reduce a sentence "on a motion made within 90 days after the sentence is imposed").

Court affirms the denial of the motion for correction of illegal sentence on the independent and alternative ground that the motion is without merit.[5]

(7)    It appears that Evans raised the double jeopardy claim that he raised in his motion for correction of illegal sentence, *i.e.*, that the two counts of PWIDC he pled guilty to from the October indictment were multiplicitous, in his appeal from the denial of his motion for postconviction relief.  When affirming the Superior Court's August 4, 2010 order denying the postconviction motion, the Court concluded that Evans' knowing, intelligent and voluntary guilty plea waived his "double jeopardy/multiplicity" claims.[6]    The Court finds no basis to conclude otherwise in this appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[5] *Jackson v. State*, 2015 WL 4510695, at *2 (Del. July 23, 2015) (citing *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995)).

[6] *Evans v. State*, 2011 WL 1758828, at *2 (Del. May 9, 2011) (citing *Benge v. State*, 945 A.2d 1099, 1201 (Del. 2008)).

[7] *See Bowers v. State*, 2007 WL 2359553 (Del. Aug. 20, 2007) (affirming denial of sentence correction motion on basis that defendant's guilty plea operated as a waiver of double jeopardy claim arising from indictment) (citing *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988)).

4