IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANCISCO LANZO, | § | |
| | § | No. 618, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below – Superior Court |
| v. | § | of the State of Delaware in |
| | § | and for New Castle County |
| STATE OF DELAWARE, | § | |
| | § | Criminal ID No. 1310018207 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 26, 2015
Decided: August 28, 2015

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 28th day of August 2015, upon consideration of the parties' briefs and the record below, it appears to this Court that:

(1)     Francisco Lanzo pled guilty to conspiracy in the second degree, aggravated possession, and two counts of drug dealing in a Tier 4 quantity on July 22, 2014.[1]  The Superior Court sentenced Lanzo on October 24, 2014 to five years at Level V for the first count of drug dealing in a Tier 4 quantity, ten years at Level V, suspended after three years for seven years at level IV, suspended after six months for eighteen months at Level III for the

---

[1] App. to Opening Br. at 13-19 (Plea Colloquy).

second count of drug dealing in a Tier 4 quantity, two years at Level V for aggravated possession, and two years at Level V, suspended for one year at Level II for conspiracy in the second degree.[2]

(2) Lanzo appeals his sentence. He argues the Superior Court's sentencing decision violated the double jeopardy protections of the Fifth Amendment to the United States Constitution by imposing upon Lanzo multiple punishments for the same offense.[3] Specifically, he contends the Fifth Amendment requires that his conviction on Count I of the indictment for drug dealing in a Tier 4 quantity, and his conviction on Count II for aggravated possession, be merged for purposes of sentencing.[4]

(3) Lanzo did not raise his double jeopardy argument in the court below. We therefore review only for plain error.[5] It is well established that a voluntary guilty plea waives any claim of a double jeopardy violation.[6] Lanzo knowingly and voluntarily pled guilty to all of the foregoing offenses.

---

[2] App. to Opening Br. at 30 (Sentencing Transcript).

[3] Opening Br. at 8-11. The Double Jeopardy Clause of the Fifth Amendment "guarantees three protections. 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Chao v. State*, 604 A.2d 1351, 1360 (Del. 1992) (quoting *State v. Cook*, 600 A.2d 352, 354 (Del. 1991)).

[4] Opening Br. at 8-11.

[5] *Williams v. State*, 796 A.2d 1281, 1284 (Del. 2002).

[6] *Melton v. State*, 74 A.3d 654, 2013 WL 4538071, at *1 (Del. Aug. 22, 2013) (Table); *Roten v. State*, 70 A.3d 206, 2011 WL 6916540, at *1 (Del. Dec. 28, 2011) (Table); *Benge v. State*, 945 A.2d 1099, 1101 (Del. 2008); *Bowers v. State*, 933 A.2d 1249, 2007 WL 2359553, at *1 (Del. Aug. 20, 2007) (Table) (citing *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988)).

He does not claim otherwise. Lanzo also understood that, according to his plea agreement, the State's sentence recommendation would be the same, regardless of the makeup of the final charges in the plea agreement. Lanzo has failed to meet his burden of proving plain error.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice