IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES ROCHESTER, | § | |
| | § | No. 298, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Criminal ID No. 1810008309 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 8, 2020
Decided: January 21, 2020

Before, **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES** Justices.

# **O R D E R**

This 21st day of January, 2020, upon consideration parties' briefs and the record below, it appears to the Court that:

(1) The appellant, James Rochester, appeals from a Superior Court order sentencing him for one count of drug dealing and one count of possession of a firearm during the commission of a felony ("PFDCF"). The State of Delaware argues that Rochester's appeal is meritless. We agree and affirm.

(2) On October 15, 2018, a Kent County grand jury indicted Rochester for fourteen counts of drug and gun possession. Rochester filed a motion to suppress on April 25, 2019, arguing that his arrest and subsequent search violated his right to

be free from unreasonable search and seizure under both Delaware and federal law. After a hearing, the Superior Court denied the motion on June 10, 2019.

(3) On July 17, 2019, Rochester entered a plea agreement. Under the terms of the agreement, Rochester pled guilty to one count of drug dealing and one count of PFDCF; the State *nolle prossed* all remaining charges.

(4) On August 2, 2019, Rochester filed a notice of appeal. He contends that the State violated his rights under the Fourth Amendment of the U.S. Constitution and Article I, § 6 of the Delaware Constitution by arresting him without probable cause.[1] Thus, he claims his convictions under the plea agreement must be reversed.

(5) It is well established that a knowing and voluntary guilty plea waives any objection to alleged errors and defects occurring before entry of the plea.[2] The record in this case reflects that Rochester knowingly and voluntarily entered a guilty plea. In the Truth-In-Sentencing Guilty Plea Form, Rochester's signature indicated that he freely and voluntarily decided to plead guilty, no one forced him to plead guilty, and he understood that he was waiving certain constitutional rights by pleading guilty.[3] Additionally, Rochester reiterated verbally during the plea

---

[1] Opening Br. 1.

[2] *Benge v. State*, 945 A.2d 1099, 1101 (Del. 2008). *See also Hobbs v. State*, 2016 WL 3751838, at *2 (Del. July 5, 2016); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988).

[3] App. to Answering Br. 2 (Guilty Plea Form).

colloquy before the Superior Court that he understood he was waiving certain constitutional rights, no one had forced him to plead guilty, and he was guilty of the charges to which he pled guilty.[4] The Superior Court Judge even specifically asked if Rochester was aware that he was relinquishing his right to appeal to the Supreme Court, to which Rochester responded, "[y]es, sir."[5]

(7) In the absence of clear and convincing evidence that the plea agreement is invalid, Rochester is bound by his representations.[6] Thus, Rochester's knowing and voluntary guilty plea constitutes a waiver of his arguments raised in his motion to suppress and during the suppression hearing.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[4] *Id.* at 3-7 (Plea Colloquy).

[5] *Id.* at 5.

[6] *Hobbs*, 143 A.3d 711, at *2.

[7] Rochester does not claim his counsel was ineffective or that there were any procedural inadequacies with the plea agreement, and there is no evidence in the record of any such inadequacy. As it is uncontested that the plea agreement was validly entered, Rochester is bound by its terms.

3