IN THE SUPREME COURT OF THE STATE OF DELAWARE

STEVIE A. JONES, § 
§ No. 98, 2021
Defendant Below, §
Appellant, §
§
v. § Court Below–Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID No. 0609013400 (S)
Plaintiff Below, §
Appellee. §

Submitted: May 18, 2021
Decided: July 27, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# O R D E R

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) Stevie Jones appeals the Superior Court's April 16, 2021 order denying his motion for correction of illegal sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jones' opening brief that his appeal is without merit. We agree and affirm.

(2) In 2008, Jones pled guilty to first-degree robbery, aggravated menacing, possession of a firearm during the commission of a felony, reckless endangering, and second-degree assault. In exchange for his plea, the State

dismissed another thirty-five charges pending against him. The Superior Court immediately sentenced Jones—in accordance with the plea agreement—to fifteen years of Level V incarceration, followed by probation. Jones did not appeal his convictions or sentence.

(3) On April 14, 2021, Jones filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). The Superior Court denied Jones' motion, finding that Jones' sentence remained reasonable and appropriate. This appeal followed.

(4) On appeal, Jones argues that the sentence imposed by the Superior Court runs afoul of the double jeopardy protections of the Fifth Amendment to the United States Constitution because the Superior Court imposed multiple punishments for the same conduct. Specifically, Jones contends that the Fifth Amendment requires that his convictions for aggravated menacing and first-degree robbery be merged for sentencing purposes. Jones' argument is unavailing.

(5) The record reflects that Jones pled guilty and that the Superior Court imposed the sentence agreed to by the parties. "It is well established that a voluntary guilty plea waives any claim of a double jeopardy violation."[1] Therefore, although

---

[1] *Lanzo v. State*, 2015 WL 5120872, at *1 (Del. Aug. 28, 2015); *see also Melton v. State*, 2013 WL 4538701, at *1 (Del. Aug. 22, 2013); *Roten v. State*, 2011 WL 6916540, at *1 (Del. Dec. 28, 2011); *Benge v. State*, 945 A.2d 1099, 1101 (Del. 2008); *Bowers v. State*, 2007 WL 2359553, at *1 (Del. Aug. 20, 2007); *Locklear v. State*, 1990 WL 72549, at *2 (Del. May 9, 1990) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction

it appears that the Superior Court mistakenly treated the motion as a motion for sentence modification under Superior Court Rule 35(b), we nonetheless affirm the Superior Court's denial of the motion on the independent and alternative ground that it lacked merit under Rule 35(a).[2]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.")).

[2] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).