IN THE SUPREME COURT OF THE STATE OF DELAWARE

THOMAS MCCRAY, §
§
    Defendant Below, § No. 43, 2025
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1702010418 (N)
§
    Appellee. §

Submitted: May 8, 2025
Decided:    June 26, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Thomas McCray, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence.  The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of McCray's opening brief that the appeal is without merit.  We agree and affirm.

(2)    In 2018, McCray resolved multiple criminal cases by pleading guilty to possession of a deadly weapon during the commission of a felony ("PDWDCF"), strangulation, and breach of bond conditions.  The parties agreed, among other

things, to recommend a non-suspended sentence of twelve years and six months of Level V incarceration for the PDWDCF conviction and suspended Level V time for the other convictions. The Superior Court sentenced McCray as follows: (i) for PDWDCF, twenty-five years of Level V incarceration, suspended after twelve years and six months for decreasing levels of supervision; (ii) for strangulation, five years of Level V incarceration, suspended for one year of Level III GPS probation; and (iii) for breach of bond conditions, five years of Level V incarceration, suspended for one year of Level III GPS probation. McCray unsuccessfully moved for sentence modification and sentence correction in 2019, 2022, and 2024.

(3) In November 2024, McCray filed another motion for correction of illegal sentence. He argued that his PDWDCF sentence was illegal because it exceeded the Delaware Sentencing Accountability Commission Guidelines ("SENTAC Guidelines") and was based on an aggravating factor not found by a jury as required by the United States Supreme Court. The Superior Court denied the motion. This appeal followed.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[1] To the extent a claim involves a question of law, we review the claim *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates the Double

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*

Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5) In his opening brief, McCray argues that the Superior Court ignored the binding nature of the SENTAC Guidelines and United States Supreme Court precedent in denying his motion for sentence correction. He is mistaken. This Court has repeatedly stated that the SENTAC Guidelines are voluntary and non-binding.[4] We have also rejected the argument that a sentence exceeding the SENTAC Guidelines is illegal.[5] McCray's twenty-five year sentence—suspended after twelve years and six months—for PDWDCF falls within the statutory range.[6] The United States Supreme Court's decisions in *Apprendi v. New Jersey*[7] and *Blakely v.*

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[4] *See, e.g., White v. State*, 243 A.3d 381, 410 (Del. 2020) (describing the "voluntary and non-binding" nature of the SENTAC Guidelines); *Counts v. State*, 2016 WL 556633, at *2 (Del. Feb. 11, 2016) ("It is well-settled that SENTAC guidelines are voluntary and nonbinding."); *Benge v. State*, 945 A.2d 1099, 1102 (Del. 2008) (referring to the "voluntary and nonbinding character" of the SENTAC Guidelines).

[5] *See, e.g., Lopez v. State*, 2023 WL 4103984, at *2 (Del. June 20, 2023) ("A sentence is not illegal because it exceeds the sentence recommended by the prosecutor or SENTAC Guidelines."); *Whittle v. State*, 2022 WL 3348988, at *2 (Del. Aug. 12, 2022) (rejecting argument that sentence was illegal because it exceeded the SENTAC Guidelines); *Wynn v. State*, 23 A.3d 145, 151 (Del. 2011) (holding that sentences exceeding SENTAC Guidelines were not illegal).

[6] 11 *Del. C.* § 1447 (defining PDWCF as a class B felony); 11 *Del. C.* § 4205(b)(2) (providing that the sentence for a class B felony is between two and twenty-five years of Level V incarceration).

[7] 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt.").

*Washington*[8] do not apply to McCray's PDWDCF sentence because it does not exceed the proscribed statutory maximum for PWDCF.[9] The Superior Court properly denied McCray's for correction of illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] 542 U.S. 296 (2004) (holding "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant").

[9] *See, e.g., Cropper v. State*, 2007 WL 1672437, at *1 (Del. June 12, 2007) (finding *Apprendi* and *Blakely* did not apply to sentence that the defendant conceded fell "within the statutory range of authorized sentences for that crime"); *Shabazz v. State*, 2005 WL 1413234, at *1 (Del. June 14, 2005) (holding that the imposition of a sentence within the statutory range did not implicate *Apprendi* or *Blakley*).

4