IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AARON JACKSON, | § | |
| | § | |
| Defendant Below, | § | No. 170, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1901004729 (N) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: July 7, 2025
Decided: August 18, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Aaron Jackson, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Jackson's opening brief that the appeal is without merit. We agree and affirm.

(2) In May 2019, a grand jury indicted Jackson for attempted first-degree murder and weapon offenses. In November 2019, Jackson pleaded guilty to first-degree assault as a lesser-included offense of attempted first-degree murder and

possession of a firearm during the commission of a felony ("PFDCF") in exchange for dismissal of the other charges. As part of the plea agreement, the State agreed not to request more than fifteen years of unsuspended Level V incarceration. The Superior Court sentenced Jackson as follows: (i) for first-degree assault, fifteen years of Level V incarceration, suspended after seven years for decreasing levels of supervision; and (ii) for PFDCF, three years of Level V incarceration.

(3) In March 2025, Jackson filed a motion for correction of illegal sentence. He argued that his sentence was illegal under *Erlinger v. United States*.[1] The Superior Court denied the motion, finding that Jackson's sentence did not implicate *Erlinger*. This appeal followed.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[2] To the extent a claim involves a question of law, we review the claim *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

---

[1] 602 U.S. 821 (2024).
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(5) In his opening brief, Jackson argues that the Superior Court erred in finding *Erlinger* inapplicable. This argument is without merit. In *Erlinger*, the United States Supreme Court held that a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions before his sentence can be enhanced under the Armed Career Criminal Act.[5] As the Superior Court recognized, *Erlinger* did not apply in this case because there was no enhancement of Jackson's sentence based on his prior convictions.[6]

(6) To the extent Jackson claims that his sentence is illegal because it exceeds the SENTAC Guidelines, he is mistaken.[7] Jackson's sentence—fifteen years of Level V incarceration suspended after seven years for first-degree assault and three years of Level V incarceration for PFDCF—falls within the statutory guidelines and is not illegal.[8] The Superior Court did not err in denying Jackson's motion for correction of illegal sentence.

---

[5] 602 U.S. and 835.

[6] *See, e.g., Smith v. State*, 2025 WL 2048977, at *1 (Del. July 21, 2025) (holding *Erlinger* was inapplicable to sentence that was not enhanced on the basis of the appellant's prior criminal conduct); *Phillips v. State*, 2025 WL 2025 1693652, at *2 (Del. June 16, 2025) (same).

[7] *See, e.g., White v. State*, 243 A.3d 381, 410 (Del. 2020) (describing the "voluntary and non-binding" nature of the SENTAC Guidelines); *Benge v. State*, 945 A.2d 1099, 1102 (Del. 2008) (referring to the "voluntary and nonbinding character" of the SENTAC Guidelines).

[8] 11 *Del. C.* § 613(c) (defining first-degree assault as a class B felony); 11 *Del. C.* § 1447A(a), (b) (defining PFDCF as a class B felony with a minimum Level V sentence of three years); 11 *Del. C.* § 4205(b)(2) (providing that the sentence for a class B felony is between two and twenty-five years of Level V incarceration).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

4