IN THE SUPREME COURT OF THE STATE OF DELAWARE

STEPHEN WHEELER, § 
 § 
Defendant Below, § No. 330, 2025
Appellant, § 
 § Court Below—Superior Court
v. § of the State of Delaware
 § 
STATE OF DELAWARE, § Cr. ID No. 1610013171 (S)
 § 
Appellee. § 

Submitted: October 2, 2025
Decided: November 25, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Stephen Wheeler, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Wheeler's opening brief that the appeal is without merit. We agree and affirm.

(2) Following a bench trial, Wheeler was convicted of home invasion, first-degree robbery, second-degree assault, and second-degree conspiracy. The crimes occurred in October 2018 when the victim was sixty-four years old. The Superior

Court sentenced Wheeler as follows: (i) for home invasion, twenty-five years of Level V incarceration, suspended after the seven-year minimum mandatory in effect at the time of the crime for eight years of Level III probation;[1] (ii) for first degree robbery, twenty-five years of Level V incarceration, suspended after the three-year-minimum mandatory for eight years of Level III probation;[2] (iii) for second-degree assault, eight years of Level V incarceration, suspended after three years for eight years of Level III probation;[3] and (iv) for second-degree conspiracy, two years of Level V incarceration, suspended for one year of Level III probation.[4] This Court affirmed the Superior Court's judgment on direct appeal.[5] This Court also affirmed

---

[1] 11 *Del. C.* § 826A(b)(2)(a) (2018) (providing that home invasion was a class B felony with a minimum seven-year Level V sentence if the victim was sixty-two or older); 11 *Del. C.* § 4205(b)(2) (2018) (providing that the sentencing range for a class B felony was two to twenty-five years of Level V incarceration).

[2] 11 *Del. C.* § 832(b)(1) (2018) (providing that first-degree robbery was a class B felony with a minimum sentence of three years of Level V incarceration); 11 *Del. C.* § 4205(b)(2) (2018) (providing that the sentencing range for a class B felony was two to twenty-five years of Level V incarceration).

[3] 11 *Del. C.* § 612 (2018) (providing that second-degree assault was a class D felony); 11 *Del. C.* 4205(b)(4) (2018) (providing that the sentencing range for a class D felony was up to eight years of Level V incarceration). The Superior Court originally sentenced Wheeler to fifteen years of Level V incarceration for second-degree assault, exceeding the statutory maximum for a class D felony, but subsequently reduced that time to eight years of Level V incarceration.

[4] 11 *Del. C.* § 512 (2018) (providing that second-degree conspiracy was a class G felony); 11 *Del. C.* 4205(b)(7) (2018) (providing that the sentencing range for a class G felony was up to two years of Level V incarceration).

[5] *Wheeler v. State*, 209 A.3d 24, 2019 WL 1579600 (Del. Apr. 11, 2019) (TABLE).

the Superior Court's denial of Wheeler's first motion for postconviction relief under Superior Court Criminal Rule 61.[6]

(3)     In March 2025, Wheeler filed a motion for correction of illegal sentence.  He argued that his sentences were illegal because the sentencing judge made factual findings instead of a jury as required by *Erlinger v. United States*[7] and similar cases.  The Superior Court denied the motion, finding that Wheeler's sentences did not implicate *Erlinger* or similar cases.  This appeal followed.

(4)     We review the denial of a motion for correction of illegal sentence for abuse of discretion.[8]  To the extent a claim involves a question of law, we review the claim *de novo*.[9]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[10]

---

[6] *Wheeler v. State*, 296 A.3d 363 (Del. Jan. 18, 2023).

[7] 602 U.S. 821 (2024).

[8] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).

[9] *Id.*

[10] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(5) In his opening brief, Wheeler argues that his sentences are illegal because the sentencing judge made factual findings about his criminal history instead of a jury as required by *Erlinger.* This argument is without merit. In *Erlinger*, the United State Supreme Court held that a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions before his sentence can be enhanced under the Armed Career Criminal Act.[11]

(6) *Erlinger* is inapplicable here because the sentencing judge made no factual findings concerning Wheeler's criminal history that exposed him to higher minimum or maximum sentences.[12] Wheeler's sentences fall within the statutory ranges.[13] The sentencing judge's consideration of aggravating factors such as excessive cruelty and vulnerability of the victim to impose sentences in excess of the Sentencing and Accountability Commission guidelines did not make those sentences illegal.[14] The Superior Court did not err in denying Wheeler's motion for correction of illegal sentence.

---

[11] *Erlinger,* 602 U.S. at 834.

[12] *See, e.g., Smith v. State*, 2025 WL 2048977, at *1 (Del. July 21, 2025) (holding *Erlinger* was inapplicable to sentence that was not enhanced on the basis of the appellant's prior criminal conduct); *Phillips v. State*, 342 A.3d 323, 2025 WL 1693652, at *2 (Del. June 16, 2025) (same).

[13] *See supra* nn. 1-4.

[14] *See, e.g., Krafchick v. State*, 2025 WL 2925378, at *1 (Del. Oct. 14, 2025) (holding that Superior Court's use of aggravating factors to impose maximum statutory sentence did not make sentence

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

illegal under *Erlinger*); *White v. State*, 243 A.3d 381, 410 (Del. 2020) (describing the "voluntary and non-binding" nature of the sentencing guidelines); *Benge v. State*, 945 A.2d 1099, 1102 (Del. 2008) (referring to the "voluntary and nonbinding character" of the sentencing guidelines).

5