# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PAUL E. WEBER,        )
                              )
      v.              )      C.A. No. N20M-03-011 MMJ
                              )
STATE OF DELAWARE      )

Submitted: August 9, 2023
Decided:  November 6, 2023

On Defendants Petition for Writ of Habeas Corpus
**DENIED**

## MEMORANDUM OPINION

**JOHNSTON, J.**

## A.     Factual and Procedural History[1]

On September 20, 2004, a grand jury indicted Weber on charges of Attempted Robbery First Degree and Attempted Carjacking First Degree.  Following a six-day jury trial in March 2004, Weber was convicted of both charges.  Weber was declared an habitual offender with respect to Attempted Robbery First Degree.  On January 11, 2008, he was sentenced to a total of 27 years of unsuspended Level V time.[2]

Weber filed a direct appeal with the Supreme Court on February 8, 2008.  The Supreme Court issued an Opinion on April 22, 2009, affirming Attempted Carjacking First Degree.  The Court reversed and remanded for a new trial the conviction for Attempted Robbery First Degree.[3]

A new trial was held from April 13 to April 15, 2010.  The jury convicted Weber of Attempted Robbery First Degree.  Upon the State's motion, the Court declared Weber an habitual offender pursuant to 11 *Del. C.* § 4214(a) (2004).  On December 17, 2010, he was sentenced to a total of 25 years of unsuspended Level V time.  Weber appealed his conviction to the Supreme Court.  On February 21, 2012, the Supreme Court affirmed the conviction.[4]

---

[1] For a complete recitation of the facts surrounding the underlying crime, see *Weber v. State*, 971 A.2d 135, 140 (Del. 2009) and *Weber v. State*, 38 A.3d 271, 273-74 (Del. 2012).
[2] As to Attempted Robbery First Degree, 25 years at Level V.  As to Attempted Carjacking First Degree, 3 years at Level V, suspended after 2 years for 6 months at Level IV Home Confinement.
[3] *Weber v. State,* 971 A.2d at 143, 162.
[4] *Weber v. State,* 38 A.3d 271 (Del.2012).

Defendant has filed at least a dozen motions with this Court following his second trial. These include petitions for Rule 61 postconviction relief and motions to modify or reduce his sentence pursuant to Rule 35. The most recent group of five motions was considered and resolved by Memorandum Opinion dated August 29, 2023.[5]

Defendant's arguments supporting his most recent motions included: Senate Concurrent Resolution No. 32 grants Superior Court the discretion to order his immediate release to "unstack" his sentences to permit concurrent Level 5 time; and Defendant's sentence for Attempted Robbery First Degree is illegal because it was not authorized by the legislature, constitutes a retroactive judicial expansion of his sentence, is constitutionally vague and ambiguous and violates federal constitutional protections. The Court denied all of Defendant's requests for relief.[6]

The Court now addresses Defendant's pending "Habeas Corpus Ad Testifcandum." The Court has considered Defendant's "Supplement" and supporting Exhibits. The Exhibits include audio files and transcripts of Delaware House and Senate hearings concerning the Carjacking statute.

Defendant argues that these Exhibits demonstrate that the Legislature did not intend or authorize cumulative punishments for Carjacking and Robbery

---

[5] *State v. Weber*, 2023 WL 5605620 (Del. Super.).
[6] *Id.* at *7.

3

convictions. Defendant asserts that Carjacking is a "separate and distinct" crime from Robbery. Therefore, dual punishments are not authorized as they would be for "similar" crimes. Carjacking is "subsumed" by Robbery. Additionally, Defendant contends that any additional penalty imposed for Robbery would contravene the legislative intent not to exceed the federal penalty for the offense - 25 years. Further, Defendant argues that his sentence violates the constitutional prohibition against double jeopardy.

This Court previously has found that Defendant's double jeopardy claim was without merit.[7]

By Opinion dated June 8, 2022,[8] this Court found:

> Weber argues that his "resentencing for robbery after he completed his carjacking sentence is violative of double jeopardy," and thus the Court finds that Weber's claim falls squarely within Rule 35(a)'s limited scope. Specifically, Weber maintains that his Attempted Robbery First Degree conviction merged with his Attempted Carjacking First Degree conviction for sentencing purposes. Weber emphasizes that his carjacking and robbery sentences "were not aimed at punishing different behaviors." Moreover, Weber claims that considering the Delaware General Assembly's recent repeal of the carjacking statute, "it was never the legislative intent to impose dual punishment for the two offenses." Weber asserts that his case was "the primary impetus" for this legislative change and concludes that this statutory revocation is implicitly retroactive.
>
> * * *

---

[7] *State v. Weber*, 2014 WL 4167492, at *3-4 (Del. Super.).
[8] *State v. Weber*, 2022 WL 2112949 (Del. Super.).

4

The Double Jeopardy Clauses found in both the United States and Delaware Constitution assure three protections: (1) a person cannot be prosecuted for the same offense after an acquittal, (2) a person cannot be prosecuted for the same offense after a conviction, and (3) a person cannot receive multiple punishments for the same offense.[9] The third protection, which is of consequence in this matter, is "termed *multiplicity* and flows from the principle that '[l]egislatures, not courts, prescribe the scope of punishments.'"[10] When applying the multiplicity doctrine, the Court is required to presume that "the legislature does not intend to punish the same offense under two different statutes."[11] However, this presumption is not absolute. If it is clearly the legislature's intent to allow duplicative punishments for the same offense, the Double Jeopardy Clause is not violated.[12]

Considering the Delaware Supreme Court's recent ruling in *Hubbard v. State*,[13] the Court finds it unnecessary to delve into the General Assembly's intent to determine whether Weber's sentence is constitutional. In *Hubbard*, the Delaware Supreme Court unambiguously ruled that "convictions for both carjacking and robbery arising out of the same conduct do not violate principles of double jeopardy."[14] Although Weber argues that there is a significant difference between prosecutions and punishments under the double jeopardy analysis, there is no doubting that the Delaware Supreme Court's *Hubbard* ruling equally applies to Weber's sentences.

In fact, in making its decision in *Hubbard*, the Delaware Supreme Court cites the opinion it rendered in Weber's case and definitively states that the Delaware Supreme Court "reject[ed] [Weber's] claim that 'convictions and sentencing for

---

[9] *State v. Cook*, 600 A.2d 352, 354 (Del. 1991) (citing *Grady v. Corbin*, 110 S. Ct. 2084, 2090 (1990)); *White v. State*, 243 A.3d 381, 396 (Del. 2020).

[10] *White*, 243 A.3d at 396 (emphasis in original) (quoting *Missouri v. Hunter*, 459 U.S. 359, 368 (1983)).

[11] *Id*. at 397.

[12] *Id*; *Cook*, 600 A.2d at 355.

[13] 238 A.3d 878 (Del. 2020) (Table).

[14] *Id*. at 878.

5

both Attempted Carjacking and Attempted Robbery First Degree constituted prohibited cumulative punishment in violation of double jeopardy.'"[15] Not only has the Delaware Supreme Court previously determined that Weber's double jeopardy argument must be denied under settled Delaware law,[16] its ruling in *Hubbard* affirms that Weber's sentences for attempted carjacking and attempted robbery are constitutional.

The Court must also conclude that the repeal of the carjacking statute is not implicitly retroactive. Under Delaware law, "[i]t is a general rule that statutory amendments operate prospectively unless the legislature *expressly* states, to the contrary, that the amendments shall be retrospective."[17] Thus, "the Court will not infer an intention to make an act retrospective."[18] House Bill 78, which repealed the carjacking statute, and its synopsis are silent on whether the repeal is retroactive.[19]

Under Delaware law, a writ of habeas corpus provides relief on a very limited basis.[20] Habeas corpus provides "an opportunity for one illegally confined or

---

[15] *Id.* at *1, n.3; *Weber v. State*, 38 A.3d 271, 278 (Del. 2012).

[16] *Weber,* 38 A.3d at 278.

[17] *Fountain v. State*, 139 A.3d 837, 841 (Del. 2016) (emphasis added).

[18] *Keller v. Wilson & Co.*, 190 A. 115, 125 (Del. 1936).

[19] H.B. 78's synopsis reads as follows: "This Act aims to make the robbery section of Delaware's Criminal Code simpler and fairer. The Act deletes the carjacking sections and embeds them within the existing robbery statutes to remove duplication from the code. Under this Act, robbery in the first degree includes the theft of a vehicle where there is physical injury or the use, a display or threat of a deadly weapon or death which is a Class B felony; this carries a 3 year minimum mandatory sentence and a maximum sentence of 25 years in prison. Robbery in the Second Degree, a Class E felony, is elevated to a Class D felony if the theft involves a vehicle and elements that pose additional risk to public safety. The Act removes minimum mandatory sentences for some conduct and eliminates sentence enhancements based on prior convictions and the age of victim. The ability to impose lengthier sentences for subsequent conduct or for crimes against vulnerable victims rests with the discretion of sentencing judges." Act to Amend Title 11 of the Del. Code Relating to Crimes and Criminal Procedure, House Bill No. 78 (May 30, 2019), *available at* https://legis.delaware.gov/BillDetail?LegislationId=47548.

[20] *Hall v. Carr*, 692 A.2d. 888, 891 (Del. 1997).

incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[21] Pursuant to 10 *Del. C.* § 6902(1), habeas corpus relief is not available to persons "committed or detained on a charge for treason or felony, the species whereof is plainly and fully set forth in the commitment." Consequently, no prisoner whose sentence is valid on its face imposed by a court of competent jurisdiction can obtain habeas relief.[22]

The Court finds that Defendant's sentence is not illegal on its face. Further, the issues raised in Defendant's pending request for habeas corpus relief have been addressed by this Court and the Delaware Supreme Court. Defendant fails to raise any new or unique arguments. Rewording previous legal assertions, and supporting those arguments with detailed Exhibits, does not refresh claims for relief previously considered and denied.

In one of those decisions, this Court stated:

> The Court understands Weber's frustration and is sympathetic to his situation. Weber's "three and two-tenths of a second" decision has cost him a significant portion of his life. Now, as the Legislature has had a change of heart, the statute used to convict and sentence Weber has been repealed. Unfortunately for Weber, the Legislature has not made that repeal retroactive and as a result Weber is required to carry out a sentence under a statute the Legislature no longer deems appropriate. This is also a case in which the Court agrees the mandatory sentence required to be imposed was out of proportion to the crime Mr.

---

[21] *Id.*

[22] *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954). *See also Jones v. Anderson,* 183 A.2d 177, 178-79 (Del. 1962); *Thomas v. May,* 2021 WL 3140379, at *1 (Del. Super).

7

Weber committed. His case is a good example where placing sentencing restrictions on the judiciary can lead to an injustice. Mr. Weber is no saint, and his conviction was fair and just, but the sentence which the Court was required to impose was not. However, even with how unfortunate Weber's case has turned out to be, there is no relief which this Court can grant him.[23]

The Court's conclusion at this time is unchanged. Defendant's request for relief pursuant to habeas corpus is hereby **DENIED.**

**IT IS SO ORDERED.**

*Mary M. Johnston*
The Honorable Mary M. Johnston

---

[23] *State v. Weber,* 2022 WL 2112949 at *7.